Mary Louise PAULSEN *v.* Gerald Richard
Ray PAULSEN

80-109                                        601 S.W. 2d 873
Supreme Court of Arkansas
Opinion delivered July 7, 1980

524

*Cearley, Gitchell, Bogard, Mitchell & Bryant, P.A.*, for appellant.

*J. Victor Harvey*, for appellee.

JOHN F. STROUD, Justice. The question in this case is whether military retirement pay should be divided pursuant to Act 705 of 1979 as marital property at the time of divorce. We agree with the trial court that it should not.

Gerald and Mary Paulsen were married in Tennessee in 1956, just as he completed his basic training with the United States Air Force. During the course of their marriage they had two sons, one of whom, Greg, is moderately retarded. Soon after his retirement from the Air Force in 1976, appellee left his family and, ultimately, was divorced by appellant on the ground of three years separation without cohabitation. Both appellant and appellee were employed and had modest incomes at the time of trial, but the only substantial income was appellee's military retirement pay of about $500 per month. Appellant was awarded custody of Greg, $150 per month support for him, and $85 per month alimony. Appellant sought to have the trial court rule that appellee's retirement pay was marital property and, as such, was subject to being evenly divided between the parties. The trial court ruled that military retirement pay does not come within the scope of Act 705 of 1979 and refused to award appellant any interest in it. However, the trial court stated that the military retirement pay was taken into consideration in the

computation of the amount of support and alimony payments to be made to appellant. From the trial court's denial of her request to divide the military retirement pay between them, appellant brings this appeal.

The parties agree the sole question on this appeal is whether appellee's military retirement pay should be considered "marital property" under Act 705 of 1979. As neither party has challenged the validity of Act 705, we will not now address that question. Section 1 of Act 705 provides, in part:

> (1) All marital property shall be distributed one-half to each party unless the Court finds such a division to be inequitable, . . .

Marital property is defined in this same section as "all property acquired by either spouse subsequent to the marriage," with a few exceptions not applicable here. The relevant portions of prior Arkansas law had provided, in Ark. Stat. Ann. § 34-1214 (Repl. 1962), that upon divorce a wife was to receive "one-third of all the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage . . ." The change in the statute was obviously motivated by the desire of the General Assemby to eliminate a gender based division of property statute in divorce cases, and at the same time it erased the distinction between real and personal property for property settlement purposes.

Although it involved an interpretation of the prior statute, this court addressed the same issue as that presented here in *Fenney* v. *Fenney*, 259 Ark. 858, 537 S.W. 2d 367 (1976). There the court held that the husband's retirement pay from the armed forces was not personal property within the meaning of § 34-1214 and, therefore, was not subject to division between the husband and wife. The court also noted that the right to pension and retirement pay, not yet due and payable, cannot be assigned, sold, transferred, conveyed or pledged. In *Fenney*, supra, this court chose to follow the rule laid down by the Colorado Court of Appeals, later affirmed by the Colorado Supreme Court, in *In Re Marriage of Ellis*, 538 P. 2d

1345 (Colo. App. 1975), in which it was held that military retirement pay did not constitute "property" under the Colorado statute providing for the division of marital property. But see *Daffin* v. *Daffin*, 567 S.W. 2d 672 (Mo. App. 1978) construing a statute similar to the Arkansas and Colorado statutes, but reaching the opposite conclusion. The Colorado Court of Appeals went on to note that, although not subject to division upon dissolution of the marriage, the retirement payments should be considered as any other economic circumstance of the husband in determining a just division of the marital property and in fixing the amount of maintenance and child support which the husband should pay to meet the needs of the wife and children. In this case the trial court properly considered the military retirement pay in setting the amount of the child support and alimony payments.

Military retirement pay is not a fixed and tangible asset such as a vested pension or profit-sharing plan that may be collected in a lump sum. Rather, it terminates at death and has no loan, surrender or redemption value. We agree with the decision of the trial court that military retirement pay is not marital property as contemplated by Act 705 of 1979.

Affirmed.