Darnelle GENTRY *v.* Leffel GENTRY

83-109                                    668 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered May 14, 1984
[Rehearing denied June 18, 1984.*]

*Gill & Johnson,* by: *Marion S. Gill,* for appellant.

*Bailey, Trimble, Pence & Sellars,* by: *R. Eugene Bailey,* for appellee.

JAMES A. McLARTY, III, Special Justice. This is a divorce case. The parties resolved by stipulation all issues except the two in dispute. The wife claimed alimony and a marital interest in the husband's civil service retirement benefits. The chancellor denied the wife alimony and held that the retirement benefits were not marital property. We disagree and reverse.

The parties married in 1949. The wife worked outside the home until 1961. The husband, an attorney, spent his final professional years as an administrative law judge for the Social Security Administration. A portion of the husband's wages were held back to help fund a pension payable on his retirement. The husband retired in October, 1980. He has drawn retirement benefits during all times relevant to this case.

The division of property upon divorce is controlled by Ark. Stat. Ann. § 34-1214, which reads in relevant part:

---

*ADKISSON, C.J., would grant rehearing; HAYS, J., not participating.

" 'marital property' means *all* property *acquired* by either spouse subsequent to the marriage. . . ." (Exceptions not relevant here; emphasis added.)

Until recently we were of the view that pension benefits vested but not yet due and payable, were not subject to distribution in a divorce. *Sweeney* v. *Sweeney,* 267 Ark. 595,, 593 S.W.2d 21 (1980) (construing our earlier statute). The same view was taken when we, construing Act 705 of 1979, considered a military pension which the husband was receiving. *Paulsen* v. *Paulsen,* 269 Ark. 523, 601 S.W.2d 873 (1980).

That view was changed in *Day* v. *Day,* 281 Ark. 261, 663 S.W.2d 719 (1984). Dr. Day, a U of A physics professor, contributed ten percent of his salary to the University's pension plan which in turn invested the funds. Dr. Day was fully vested but was not drawing benefits at the time of his divorce. We held that his interest in the pension plan was marital property subject to distribution under Act 705 of 1979. The same result should apply here.

All requirements for receiving benefits, required years of service and contributions, occurred during the marriage. Here, as in *Day,* the recipient was fully vested. Our facts, however, go beyond *Day* in that in this case the husband was actually receiving benefits at the time of divorce.

The husband's retirement plan is subject to division. Congress has wisely anticipated that this treatment would be given by the various state courts (see 94 A.L.R. 3d 176) through the passage of 5 U.S.C. § 8345(j)(1) (1976), to-wit:

Payments under this subchapter which would otherwise be made to an employee, member or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment or legal separation. Any payment under

this paragraph to a person bars recovery by any other person.

By holding these retirement benefits to be marital property, we are not laying down a rigid and inflexible rule for the future. Section 34-1214 expressly provides for equal distribution "unless the court finds such a division to be inequitable." Any exception to the rule of equal distribution will always depend upon the specific facts as reflected by the trial court's findings and conclusions.

The chancellor and the parties did not have the benefit of our holding in *Day* when this case was heard. Equity and fair play require a remand to the trial court. Given our ruling as to the pension, we do not reach the question of alimony.

Reversed and remanded.

ADKISSON, C.J., HICKMAN AND PURTLE, JJ., dissent.

HAYS, J., not participating.

DARRELL HICKMAN, Justice, dissenting. I adhere to the views expressed in the dissent in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984); otherwise, I concur with the dissent filed in this case by Justice Purtle.

ADKISSON, C.J., joins in this dissent.

JOHN I. PURTLE, Justice, dissenting. I do not believe the majority realize the consequences of this opinion. I am in full accord with the opinion in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984). I note with interest the statement by the majority that "we are not laying down a rigid and inflexible rule for the future." What does that statement mean? Will we follow it only in the present case or will we pick and choose when to apply it? I would follow the statute and our prior cases and hold to the plain and obvious wording that marital property is property *acquired* subsequent to the marriage. In my opinion a pension with no guarantee of any future payment is not *acquired*.

By this opinion a wife is awarded a property interest in her husband's pension. Her heirs will inherit her interest if she fails to survive him. This is more than the man's own heirs are entitled to. They can expect absolutely nothing from the pension when the husband dies. This type of pension is not vested. If it were the type which had a cash loan, mortgage or surrender value it would be subject to division.

This type of pension should be considered for alimony and support money. Both the state and federal laws are designed to protect anyone who receives a court order for payments of part of such a pension. The laws are not geared to deal with heirs and relatives and it is doubtful that such an order is legal. The laws were no doubt intended to enforce alimony and support payments.

It is my understanding that there is a guarantee of something like the amount contributed in civil service pension cases. Certainly any guaranteed amounts should be treated as marital property because such sums are vested within the meaning of Ark. Stat. Ann. § 34-1214 (Supp. 1983).