Judith Lynn MEINHOLZ *v.* Ludwig Hugo MEINHOLZ

84-52                                                678 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered October 29, 1984

*E. Winston McInnis,* for appellant.

*Carl J. Madsen, P.A.,* for appellee.

P. A. HOLLINGSWORTH, Justice. This is a divorce case. Once again the Court must interpret our statute governing the division of property in divorce cases. Ark. Stat. Ann. § 34-1214 (Supp. 1983). The basic question here is whether we recognize the appellee's "enhanced business career" as marital property under our present statute.

When the parties married in 1964 appellant, Judith Lynn Meinholz, had a bachelor of science degree and appellee, Ludwig Hugo Meinholz, had recently immigrated to the United States from Germany. While the appellee was not completely fluent in English, he was competent enough with the language to acquire several jobs. He is presently employed by Riceland Foods in an executive capacity and earns approximately $47,000 a year. From the time of the marriage until the divorce in 1982, the appellant generally took care of homemaking and the appellee took care of moneymaking. The sole exception was a period in 1965 when the appellant taught school for a year when the couple lived in New Jersey. They lived together for eighteen years, during which they had two sons, ages now 16 and 13.

In April 1982, Ludwig Meinholz sued for divorce; his wife filed a counterclaim also seeking a divorce. The

decree granted a divorce to Mrs. Meinholz; ordered that the family home be sold when the children reach majority and the proceeds divided; directed Mr. Meinholz to pay alimony until January 1, 1990, and child support for the minor children; divided the personal property, including two IRA accounts, and a profit sharing pension plan for Mr. Meinholz at Riceland Foods; and did not find Mr. Meinholz's "enhanced business career" marital property subject to distribution under our present statute. We agree with the chancellor on failing to recognize the "enhanced business career" as marital property. However, we reverse and remand on the other points discussed by us and order the chancellor to fashion a decree not inconsistent with this opinion. The appeal comes to us under Ark. Sup. Ct. R. 29 (1)(c).

The appellant's first argument is that the chancellor erred in failing to recognize the appellee's "enhanced business career" as marital property subject to distribution. Her testimony on this point indicates she gave up her ambition to be a counselor and instead became a homemaker because she and Mr. Meinholz agreed they were a partnership working toward the common goal of establishing his career. There was also testimony that she has a degenerative disc disease which prevents her from doing certain jobs that require extensive manual labor.

The appellant analogizes her situation to the "professional license" cases where one spouse works while the other obtains a professional degree and few assets are acquired so that when the couple divorces an inequity has arisen since the professional spouse's increased earning potential no longer inures to the benefit of the other spouse. She maintains that the increased earning capacity is the same whether such capacity was enhanced by increased education or increased skills and asks this Court to recognize such capacity as marital property.

The appellee argues that he never prevented his wife from seeking her separate educational goals or from working after they were married. Furthermore, he maintains that his wife is a bright, articulate woman with a

college degree and is physically and mentally equipped to work.

The appellant cites several professional license cases in support of her argument. In *Inman* v. *Inman*, 578 S.W.2d 266 (Ky. App. 1979) the court said, "[T]he husband's increased earning power, represented by his degree, should indeed be counted as marital property where there is no accumulated marital property and the spouse who subsidized the degree is ineligible for maintenance." Here, the appellant *is* eligible for maintenance and there *is* accumulated marital property. Furthermore, the *Inman* court said that one important factor to consider in determining whether a marital property classification is proper is to consider the extent to which the nonlicense-holder has already or otherwise benefited financially from his or her spouse's earning capacity, or is eligible for maintenance. Both of these factors are important in this case in that here, the appellant has been married to the appellee for eighteen years and has already reaped benefits from her husband's increased earnings. This is unlike the typical professional license case where the divorce occurs at the point where the increased earnings begin. Also, as already mentioned the appellant here is eligible for maintenance and in fact has been ordered to receive it in the form of alimony by the trial court. On the extent of Mrs. Meinholz's disability, there was conflicting testimony. Where there are conflicts in testimony, we defer to the judgment of the trial judge as to the credibility of the witnesses because of the superiority of his position in making that determination. *Weber* v. *Weber*, 256 Ark. 549, 508 S.W.2d 725 (1974).

Appellee does not contest the appellant's third and fourth points on appeal. He concedes that when the house and the remaining marital property are sold, the television set in his possession should also be sold at that time. Similarly on point four, the appellee agrees that a Singer sewing machine, six kitchen chairs, a microwave oven, and a used recliner chair were gifts or property owned by the appellant prior to the marriage and are therefore within the exception to marital property. On remand, the

chancellor will include these agreements in his decree.

This appeal involves another distribution problem on which we have issued an opinion recently. The appellant is arguing that the chancellor erred by awarding Mr. Meinholz his Riceland Foods pension plan. In *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), this Court stated:

> We now realize that we have inadvertently failed to recognize the new concept "of marital property," created by Act 705 of 1979, as amended. That statute defines marital property as *all* property acquired by either spouse subsequent to the marriage with exceptions not important here. Section 34-1214 (Supp. 1983). That law directs that *all* marital property be distributed equally unless the court finds that division inequitable . . .
>
> . . . .
>
> Under the recent holdings of the Supreme Court, spouses must be treated equally in the absence of a valid reason for making a distinction. Our 1979 law was enacted pursuant to that mandate and must be construed in harmony with that intent. It is easy to demonstrate that the legislative purpose will be frustrated if controlling differences are drawn between pensions vested and currently payable and those that are vested but payable in the future.

Our record in the present case is sparse on this point and the Riceland Foods pension plan is not an exhibit. However, it is clear that Mr. Meinholz's pension rights are vested in that he will be entitled to enjoy the financial benefits in or about 2003 when he reaches sixty years of age, whether or not he continues in his present employment. At the time of trial, there was $7,959 in this fund.

We agree with the view affirmed by the New Jersey Court in *Kikkert* v. *Kikkert*, 438 A.2d 317 (1981):

> It [the pension] is the result of direct or indirect

efforts expended by one or both parties to the marriage — it is additional compensation for services rendered for the employer and a right acquired during the marriage. Hence, equitable considerations mandate its inclusion for distribution where, as here, the employee has already qualified for benefits and the other spouse, during the marriage, has foregone enjoyment of that additional compensation represented by the cost of the plan whether or not it requires employee contributions. Each spouse had the same expectation of future enjoyment with the knowledge that the pensioner need only survive to receive it.

Similarly with the IRA accounts, the amounts are known or easily attainable and those benefits have vested. There should be no distinction between appellee's and appellant's accounts. They are both marital property and should be included for distribution.

The appellant's next contention is that the trial court erred by not requiring the parties to share equally in all repairs and maintenance to the home. The chancellor's decree is ambiguous as to this point. In Paragraph 1, he states that Mrs. Meinholz shall be responsible for all utilities, routine maintenance and repairs and shall keep the house in a condition at least as good as it now exists. In the next section under that paragraph, he states that the parties shall jointly share the expense of taxes, insurance, and *other routine maintenance*. We held in *Strang* v. *Strang*, 258 Ark. 139, 523 S.W.2d 887 (1975), that the husband was ordered to pay half of any major repairs necessary in the upkeep of the homeplace because "[t]he mortgage payments and major repairs on the property would increase and protect Mr. Strang's undivided one-half interest in the property as well as that of Mrs. Strang." On remand, the chancellor will modify the decree to provide that the parties share equally in the costs of all repairs and maintenance to the home.

The other issue raised by the appellant that we will discuss is the matter of attorney's fees. Ark. Stat. Ann. § 34-

1214 (Supp. 1983) provides that all marital property shall be distributed one half to each party unless the court finds such a division to be inequitable in which case the court must state its basis and reasons for not dividing the marital property equally. We view the purpose of this statute as making the parties equal. We find no compelling reason to pay the wife's attorney's fees automatically unless the chancellor finds it to be equitable. We will not disturb the trial court's finding absent clear abuse. We find no such abuse here.

The chancellor and the parties did not have the benefit of our holding in *Day* when this case was heard. Equity and fair play require a remand to the trial court. *Gentry* v. *Gentry*, 282 Ark. 413, 668 S.W.2d 947 (1984). The chancellor can correct other errors alleged by the appellant on remand. We reverse and remand for further proceedings by the chancellor and for the decree to be modified consistent with this opinion.

Affirmed in part; reversed in part and remanded.

HICKMAN, J., concurs in part, dissents in part.

PURTLE, J., dissents in part.

HAYS, J., concurs.

STEELE HAYS, Justice, concurring. I concur in the majority opinion but express the view that the Chancellor's prospective reduction of alimony ought to be conditioned on later developments and not on a predetermined order. If the appellant is successful in finding employment, that should largely resolve the matter, but the proof raised genuine doubts about both her employability and employment prospects. I believe those issues should be left open.

DARRELL HICKMAN, Justice, concurring in part, dissenting in part. I essentially concur in the result but write to point out several problems with the majority opinion. First,

I adhere to my views expressed in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), on the matter of retirement plans.

Second, I do not believe an "enhanced business career" can be "property" under Arkansas law; a contrary impression is left by the majority.

Third, the majority miscites *Strang* v. *Strang*, 258 Ark. 139, 523 S.W.2d 887 (1975), to hold as a matter of law that the chancellor *must* order the parties to equally share in the costs of all repairs and maintenance to the house. That is a discretionary matter even under the new law and on remand, I would allow the chancellor to clear up the apparent inconsistencies in the decree.

Fourth, I would point out that while the chancellor wrote a detailed letter carefully setting forth his findings, anytime there is less than an equal division of property the chancellor must give his reasons. Ark. Stat. Ann. § 34-1214 (Supp. 1983). In this case the chanellor undoubtedly used his discretion, as he should have, to fairly divide the property, but when these matters are appealed, we are confronted with the problem of finding reasons. If there are none, we must follow the statute and order an equal division on remand.

Except for the order to the chancellor to enter a finding that the parties shall equally share in the repairs, I concur.

JOHN PURTLE, Justice, dissenting in part. I agree that Ark. Stat. Ann. § 34-1214 (Supp. 1983) does not require that the wife be awarded attorney's fees when the property is divided equally. However, when the wife ends up with no money from which to pay the attorney's fees and the husband has money available, I think it proper to award her a reasonable amount to pay her attorney's fees. I think the wife in this case should be awarded such fees from the husband.