Raymond MARSHALL *v.* Olene MARSHALL

84-320                                    688 S.W.2d 279

Supreme Court of Arkansas
Opinion delivered April 22, 1985

*W. H. "Dub" Arnold,* for appellant.

*B. W. Sanders,* for appellee.

STEELE HAYS, Justice. These parties were granted a divorce and the only points raised on appeal by Mr. Marshall, appellant, concern two of the Chancellor's holdings on the property division. We address first a challenge to the division of appellant's retirement benefits.

Prior to his marriage to Mrs. Marshall, appellee, Mr. Marshall was employed by Reynolds Aluminum, and is now receiving retirement benefits of $1,050 per month. He was employed by Reynolds for thirty-five years and was married to appellee for the last ten of those thirty-five years. The Chancellor found the retirement benefits to be marital property and awarded one-half of those benefits to the wife pursuant to Ark. Stat. Ann. § 34-1214, Division of Property.

The appellant argues that appellee is only entitled to that portion of the benefits which accrued during the marriage or one-half of 2/7ths, approximately $150 per month. He maintains the remainder of the benefits were

acquired prior to the marriage and under § 34-1214 would constitute separate property. We agree with appellant.

The Chancellor's order came on December 30, 1983 before our decision in *Day* v. *Day*, 281 Ark. 261, 633 S.W.2d 719 (1984). In *Day* we overruled our previous decisions and held that pension plan benefits vested but not yet due and payable, constituted marital property and as such should be divided under § 34-1214 unless the court finds such a division to be inequitable. We relied on *Re Marriage of Brown*, 15 Cal. 3d 838, 126 Cal. Rptr. 633, 544 P.2d 561 (1976). In *Brown*, the California court overturned its previous rule of not recognizing nonvested property rights as marital property. The court in *Brown* did not address directly the question raised here but recognized implicitly that such a division as appellant suggests is correct. In stating the facts of the case the court said a substantial portion of the "points" the husband had accumulated for his company was "attributable to his work during the period when the parties were married and living together." A footnote to that sentence reads: "Since it concluded that non-vested pension rights are not divisible as a community asset, the trial court did not determine what portion of [the appellant's] pension rights is owned by the community." The case was remanded for proceedings consistent with the opinion.

*Brown* is annotated in 94 ALR3d 176 where we find in those jurisdictions recognizing retirement benefits as marital property, there appears to be no question that benefits based on contribution or services not made during the marriage constitute the separate property of the recipient. And in a more recent Arkansas case, *Gentry* v. *Gentry*, 282 Ark. 413, 668 S.W.2d 947 (1984), although not addressing the issue presented here, citing *Day, supra,* we found the retirement benefits of the husband to be marital property and as part of the basis of that decision we stated that the "required years of service and contribution *occurred during the marriage.*" (Our emphasis).

We agree that such a classification of previously acquired benefits as separate property is in keeping with the spirit and letter of our own property division statute. Our

statute (§ 34-1214) requires that all property owned prior to the marriage shall be returned to the owner and if separate property is not returned to one party, the court must state in writing its reasons for not returning it to the party who owned it at the time of the marriage. The Chancellor here made no finding of separate property, nor gave any reasons for not returning the separate property to the appellant.

Under the clear language of § 34-1214 and its logical application to *Day, supra,* we must find that the court erred in finding that all the retirement benefits constituted marital property. As twenty-five years of Mr. Marshall's contributions were made prior to the marriage to Mrs. Marshall, that portion acquired before marriage is his separate property. Accordingly, the award of retirement benefits should be modified to reflect the correct proportionate share due each party.

As his second point, appellant argues error in the Chancellor's finding that the home was marital property and should be divided equally.

At the time Mr. Marshall married appellee, he had a home in his name on a lot he owned, which he purchased for $5,000 and with improvements made by both parties the value was about $15,000. The house burned and the Marshalls collected $20,000 insurance — $15,000 for the home and $5,000 for the contents. It is not disputed that the $5,000 insurance proceeds for contents were for marital property. With the $20,000 insurance proceeds and a note of $5,000 signed by both parties, a mobile home was purchased and placed on the lot owned by the husband.

The court found it undisputed that both parties had contributed separately owned property to the improvement of the home, that at the time of the marriage the house was valued at $5,000 and that the home was personal property to be divided one-half to each, less the indebtedness.

The appellant makes two arguments. First he argues that the original house was his separate property and under § 34-1214(B) the increase in the value of separate property

acquired prior to the marriage is not considered marital property. Therefore, the mobile home is nothing more than property acquired in exchange for property acquired before the marriage. In the alternative, appellant argues that if it was correctly decided that the home was marital property, the Chancellor erred in not giving appellant credit for the original payment for the property.

As to appellant's first point there is no merit. There appears to be agreement from the testimony of both parties, that after the $5,000 investment of the husband, the remaining increase in value was a result of the efforts of both parties, the increase in value representing the greater portion of the value of the home. We find no error in the Chancellor's finding the new home replacing the burned home was marital property.

We find merit however in appellant's contention that he should receive credit for his original investment of $5,000. In a somewhat analogous situation in *Williford* v. *Williford,* 280 Ark. 71, 655 S.W.2d 398 (1983), we allowed the husband credit for salvage from a house he owned separately which had been destroyed by a tornado but had been rebuilt with joint funds with his wife. Although we did not deal with any question of his original investment other than the salvage, it was not questioned that a portion of the proceeds were paid to satisfy the husband's remaining mortgage. The only proceeds in issue were for the contents jointly owned and used toward the building of the new home. Under the facts and our decision in *Williford* and the separate property provision of § 34-1214, we find there should be an allowance for Mr. Marshall's original investment which constituted his separate property.

The court found that the husband had made an original $5,000 investment and that fact is undisputed. No credit was allowed for that amount, nor any reason given why that amount should not be returned to him as required by § 34-1214. We therefore find that the division of the proceeds of the mobile home should be modified to allow Mr. Marshall credit for his $5,000 investment.

The case is remanded for modification of the order consistent with this opinion.