Hazel W. WOMACK *v.* Arleigh WOMACK

CA 84-441                                    698 S.W.2d 306

Court of Appeals of Arkansas
Division II
Opinion delivered October 30, 1985

*Ramsey, Cox, Lile, Bridgforth, Gilbert, Harrelson & Starling*, by: *Kinberly W. Tucker*, for appellant.

*Mullis, Davis & Chadwick*, by: *Bart Mullis*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Hazel W. Womack appeals from a decree of divorce in which the trial court held that under the circumstances of the case the military retirement pension of Arleigh Womack was not marital property subject to division. She contends that the trial court erred in that ruling. We agree.

In 1955 appellee entered military service. In 1957 he married appellant. In 1975 appellee retired from the Navy and began receiving military retirement benefits at the rate of $795.00 per month. The parties were divorced in August 1984. The chancellor ruled that since the decision in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984) military retirement benefits payable in the future may be considered marital property and subject to division under Ark. Stat. Ann. § 34-1214 (Supp. 1985). He further found that the appellee's rights under the military pension plan vested in 1955 on entering the service and concluded that under § 34-1213(b)(5) (Supp. 1985) the benefits were excluded because they represented a mere increase in the value of property acquired by appellee prior to the marriage.

We agree with the chancellor's conclusion that *Day* and its progeny have established that military retirement benefits may constitute marital property subject to division on divorce but do not agree with his conclusion that the benefits based on appellee's military service after the marriage represented increases in value of his separate property acquired prior to the marriage.

The chancellor's finding that the appellee acquired a vested right in military retirement upon entering active military service in 1955 is clearly erroneous. It was undisputed that under military pension regulations the right to receive retirement benefits did not vest until after the serviceman had completed twenty years service. Had the appellee left the Navy before completing twenty years active duty he would have been entitled to no benefits.

██ The question of the status of pension benefits based in part on pre-marital contributions or service was addressed in *Marshall* v. *Marshall*, 285 Ark. 426, 688 S.W.2d 279 (1985). There the husband had retired after thirty-five years employment at Reynolds Aluminum but had been married to the wife for only the last ten of those years. The chancellor held that all of the

retirement benefits were marital property subject to division on divorce. The Supreme Court reversed and declared that those benefits based on contributions or service prior to the marriage were separate property of the recipient and those based on contributions or service during the marriage were marital property. The Supreme Court modified the decree to award the wife her proportionate share of benefits based on the husband's contributions or service during the marriage. Here retirement benefits based on the two years service of the husband prior to the marriage are his separate property. Those benefits based on the remaining eighteen years are not mere increase in value of separate property, but are marital property subject to division.

■ The appellee contends in the alternative that the chancellor was right for the wrong reason. Appellee relies on *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980) in which the court declared that future installments of military retirement benefits, currently being paid but not transferable, are not marital property under the statute. We agree with the chancellor that *Paulsen* was effectively overruled by the Supreme Court in its decisions in *Day* v. *Day, supra, Marshall* v. *Marshall, supra,* and *Gentry* v. *Gentry*, 282 Ark. 413, 668 S.W.2d 947 (1984).

In a series of cases referred to in *Day*, our court had previously dealt with pension plans which provided benefits in installments but gave the beneficiary no right to lump sum payment, had no loan or surrender value, and were not transferable. Based on the concept that installments of pension benefits payable in the future were more akin to mere "expectancies" the court in those cases declared that retirement benefits not yet due and payable were not property subject to division on divorce. In *Paulsen* this view was applied to military retirement benefits currently being paid but which terminated at death, had no loan or surrender value and were not transferable.

In *Day* the court recognized that in prior cases it had failed to recognize the new concept of marital property created by Act 705 of 1979. It held that although the beneficiary could not withdraw any amount from the fund which had no loan or surrender value and could not be transferred, the fund was a valuable property right subject to division. In listing the cases in which the court had

failed to recognize the new concept it specifically listed *Paulsen.*

In *Gentry* v. *Gentry, supra,* the court stated:

> Until recently we were of the view that pension benefits vested but not yet due and payable were not subject to distribution in a divorce. *Sweeney* v. *Sweeney,* 267 Ark. 595, 593 S.W.2d 21 (1980) (Construing our earlier statute.) The same view was taken when we, construing Act 705 of 1979, considered a military pension which the husband was receiving. *Paulsen* v. *Paulsen,* 269 Ark. 523, 601 S.W.2d 873 (1980).
>
> That view was changed in *Day* v. *Day,* 281 Ark. 261, 663 S.W.2d 719 (1984) . . . .

In *Marshall* v. *Marshall, supra,* the court again recognized that *Day* had overruled the previous decisions and held that pension plan benefits vested but not yet due and payable constituted marital property and as such should be divided under the statute unless the court found the division to be inequitable.

Appellant further contends that the present case is distinguishable from *Day, Gentry,* and *Marshall* because the military pension was a non-contributory one. In *Day* the court cited with approval *Re: Marriage of Brown,* 15 Cal.3d 838, 126 Cal. Rptr. 633 (1976) in which the California Court was addressing a non-contributory pension plan. The plan in *Re: Marriage of Brown,* like the military pension plan, was not based on contributions of funds but on years of service to the corporation.

In *Marshall* the court stated:

> *Brown* is annotated in 94 ALR 3d 176, where we find in those jurisdictions recognizing retirement benefits as marital property, there appears to be no question that benefits based on contribution *or* services not made during the marriage constitute the separate property of the recipient. [Emphasis supplied]

From these cases it becomes clear that vested retirement benefits not yet due and payable are marital property subject to division on divorce when based on contributions made or services rendered during the marriage. As the appellee's pension was not only vested but was being paid at the time of the

divorce, it was subject to division as marital property, subject to the limitations set out in *Marshall* and the alternatives mentioned in *Day*. In *Day* the court emphasized that it did not intend to lay down an inflexible rule regarding division of pension benefits. In appropriate cases the chancellor might balance the equities by awarding the wife alimony commensurate with the husband's ability to pay, taking into account his pension right.

■   On *de novo* review of a fully developed chancery record where we can plainly see where the equities lie, this court may enter the order here that the chancellor should have entered. However, the decree appealed from contained a lengthy and detailed settlement of all property rights, including property in lieu of alimony. As the scheme of disposition of marital rights may have been influenced by the chancellor's view that appellee would receive the $795.00 monthly installment free of any claims of the appellant, the interests of justice would better be served by reversing all that portion of the decree dealing with alimony and property division to enable the chancellor on remand to reconsider the entire disposition of marital rights in light of the views expressed in this opinion.

Reversed and remanded.

MAYFIELD and CORBIN, JJ., agree.