Virginia F. ALLEN *v.* James Edwin ALLEN

CA 85-197                                    702 S.W.2d 819

Court of Appeals of Arkansas
Division I
Opinion delivered January 29, 1986

*Bob Scott*, for appellant.

*Rick Sellars*, for appellee.

TOM GLAZE, Judge. Virginia F. Allen appeals from a decree of the Pulaski County Chancery Court awarding custody, child support, attorneys' fees and disposing of marital property. Appellant contends the court erred in failing to (1) divide the marital property according to Ark. Stat. Ann. § 34-1214 (Supp. 1985), (2) award alimony and (3) award reasonable attorney's fees to her present counsel.

The parties were married on July 24, 1966, and separated on or about August 19, 1977. Appellant filed for divorce on August 22, 1977, and later filed an amended complaint seeking separate maintenance. On November 22, 1977, an order was entered, *nunc pro tunc* to September 20, 1977, granting appellant custody of the parties' minor children, support, and use and possession of the marital home. Appellee answered and counterclaimed for divorce on December 5, 1977, and on August 2, 1984, nearly seven years later, a decree was entered granting appellant a divorce, but providing that all prior orders would remain in effect until a final determination of property rights. On February 27, 1985, a decree was entered awarding custody, child support, possession of the marital residence, and attorneys' fees to appellant. Appellant appeals from the February 27th decree.

In June 1967, Albro, Inc. (Albro) was incorporated, with appellee, appellee's sister, and Vernon Brown's wife, holding one share of stock each. At the same time, Vernon Brown and two other individuals set up the Flaming Arrow Supper Club, Inc. (Flaming Arrow), which was organized as a nonprofit corporation, whose sole purpose was to provide social, cultural, and recreational facilities for its members. Appellee testified that Albro was established to buy the whiskey and other inventory for the Flaming Arrow. In September 1968, appellee bought out the Browns' interests in the Flaming Arrow and Albro, and in 1973, he sold the assets of Albro to the Flaming Arrow for $12,129.79. Appellee was president of the Flaming Arrow until he was charged with gambling violations in 1975. Appellant then served as president until the parties' separation, at which time appellee's daughter by a previous marriage replaced appellant as president. After appellee was released from federal prison, he was employed as management consultant to the Flaming Arrow.

In its decree of February 27, 1985, the court ordered

appellee to pay, in lieu of alimony, the principal, taxes and insurance on the marital home until the minor child is eighteen years old, at which time the house is to be sold and the proceeds divided equally between the parties. The court awarded attorneys' fees of $1,100.00 to appellant's previous attorney and $300.00 to her present attorney.

On appeal, appellant contends the court erred because it failed to divide the marital property according to Ark. Stat. Ann. § 34-1214 (Supp. 1985). Specifically, she argues that she should have been awarded an interest in (1) the Flaming Arrow (2) a $29,738.66 note due appellee from the Flaming Arrow, and (3) the $6,379.00 remaining due on a note from the Flaming Arrow to Albro—a company in which appellee has an ownership interest. After noting she was awarded no interest in the two notes, she further argues that the chancellor gave no basis or reasons for the unequal distribution of marital property as is required by § 34-1214(A)(1) (Supp. 1985). Because we find merit in appellant's contentions regarding the two notes, we reverse and remand for further proceedings.

Appellant first argues that the nonprofit status of the Flaming Arrow should have been disregarded by the trial court and that she should have been given her marital interest in that business. While appellant correctly points to a number of instances when appellee failed to comply with the state statutes covering nonprofit corporations, and noting appellee had withdrawn funds from the Flaming Arrow seemingly at will, it is undisputed that the Flaming Arrow was established as a nonprofit corporation for a legitimate purpose—a supper club where mixed drinks were served. Appellee testified that the Flaming Arrow was comprised of 1,100 members who owned the business. Although appellant notes the books of the Flaming Arrow reflect the issuance of $300.00 in capital stock, appellee explained this entry as a reference to stock that must have been carried over from the Flaming Arrow's purchase of Albro in 1973. We believe the evidence sufficiently supports the conclusion that the Flaming Arrow is a nonprofit organization in which neither appellee nor appellant was entitled to an awardable property interest.

Regarding appellant's argument that she is entitled to an interest in the notes due Albro and appellee from the Flaming

Arrow, appellee contends that, at most, appellant is entitled only to that portion of the notes due prior to their separation and an order entered by the court on November 22, 1977. In support of this contention, appellee relies on Act 705 of 1979, compiled as Ark. Stat. Ann. § 34-1214(B)(3) (Supp. 1979). This Act excluded from marital property any property acquired by a spouse after a decree of legal separation.[1] We cannot agree.

■■ The November 22, 1977, order was a temporary one, entered pursuant to Ark. Stat. Ann. § 34-1210 (Repl. 1962). As such, that order did not deal with or effect the distribution of the parties' properties. Instead, the parties' division of marital property, which occurred by court decree in February 1985, was governed by the statute in effect on the date the divorce was granted, August 2, 1984. *See Chrestman* v. *Chrestman*, 4 Ark. App. 281, 630 S.W.2d 60 (1982). The statute in force and effect on that date was Ark. Stat. Ann. § 34-1214 (Supp. 1985), which provides that all marital property shall be distributed one-half to each party unless the court finds such a division inequitable after giving consideration to nine specified factors. When the property is not divided equally between the parties, the court is required to state its basis and reasoning.

Here, the trial court failed to award appellant her interest in the two notes which appellee owned or in which he had an ownership interest. She clearly had a right to her marital interest in those notes, or the trial court should have given its basis and reasons for not having awarded her one-half interest.

■ While ordinarily we would on *de novo* review decide this matter rather than remand it for further proceedings, the appellant raises issues involving alimony and attorney's fees as well. In addition, the record reflects various properties, but the

---

[1] Even if appellee had correctly characterized the court's November 22, 1977, order as a decree of legal separation, the law does not seem to substantiate his contention. Ark. Stat. Ann. § 34-1214(B)(3) (Supp. 1979) was amended by Act 799 of 1981. Section 4 of that Act reads as follows: "It is hereby found and determined by the General Assembly that under the present Arkansas law, there is no provision for a 'decree of legal separation'; that since there is no such provision, paragraph (3) of subsection (b) of Section 461 of the Civil Code [Ark. Stat. Ann. § 34-1214(B)(3)] as amended by Act 705 of 1979 actually has no application. . . ." Act 799 of 1981 amended § 34-1214(B)(3), excluding from marital property any property acquired by a spouse after a decree of divorce from bed and board.

evidence is unclear or silent concerning the parties' respective ownership interests in them. Therefore, we believe the interests of justice would be better served by reversing that portion of the decree dealing with alimony, attorney's fees, and property division to enable the chancellor to reconsider the disposition in light of the views expressed herein. *Womack* v. *Womack*, 16 Ark. App. 139, 698 S.W.2d 306 (1985).

Reversed and remanded.

CORBIN and MAYFIELD, JJ., agree.