Hannelore CHERRY *v.* James CHERRY

CA 95-813                                934 S.W.2d 936

Court of Appeals of Arkansas
Division I
Opinion delivered December 4, 1996

*Beverly C. Claunch*, for appellant.

*Hoyt Thomas*, for appellee.

JOHN F. STROUD, JR., Judge. Appellant, Hannelore Cherry, raises three points in her appeal from the parties' divorce decree: (1) the chancellor erred in computing her percentage share of appellee's military pension; (2) the chancellor erred in considering briefs that were presented more than thirty days after the trial date; and (3) the chancellor erred in considering matters not in evidence. Finding no error, we affirm.

Appellee, James Cherry, enlisted in the United States Army in October 1968. From June 9, 1987, to April 14, 1991, he was on temporary medical retirement, during which time he received full pay. He retired permanently effective July 1, 1994.

The parties were married on September 18, 1981. Their divorce became effective on March 2, 1995.

It was not disputed at trial that military retirement pay is marital property. See *Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 369 (1986). As such, military retirement pay is divided proportionately according to the number of years of marriage that coincided with the military service. *Id.*; *Askins* v. *Askins*, 288 Ark. 333, 704 S.W.2d 632 (1986). In calculating appellant's share of appellee's military retirement pay, the chancellor used the following formula:

$$\frac{1}{2} \times \frac{\text{time in svc. for retirement during marriage (numerator)}}{\text{total time in svc. for retirement purposes (denominator)}} = \text{wife's marital share}$$

He then determined the numerator should be nine and the denominator should be 22, resulting in $\frac{1}{2} \times \frac{9}{22}$ or 20.455% of appellee's monthly retirement benefit.

Appellant's first argument on appeal challenges the chancellor's method of calculating her share of appellee's retirement pay. She argues that the numerator should be thirteen because that is the number of years the parties were married. She argues that the denominator should be twenty-six because that is the period of time from the date of appellee's enlistment until his permanent retirement. We disagree.

The chancellor used twenty-two as the denominator in the fraction because it represented appellee's total time in service for retirement purposes. Appellant also relied upon twenty-two as the denominator at the trial level, not twenty-six as she now argues on appeal. Her motion for division of personal property at the trial level asserted:

> The husband's years of credible service upon which his retirement pay is based is 21 years, 11 months and 19 days, which is the length of time of his active federal service.
>
> . . .
>
> *The parties were married for thirteen years and Mr. Cherry's retirement benefit is computed on 22 years' service. The formula to be used in computing Mrs. Cherry's share of the retirement benefit is 13/22 × 1/2, or 29.5 percent of each monthly retirement benefit amount.*

(Emphasis added.) We do not consider arguments raised for the first time on appeal. *Sebastian Lake Pub. Util. Co., Inc.* v. *Sebastian Lake Realty*, 325 Ark. 85, 923 S.W.2d 860 (1996). Moreover, appellant was correct in relying upon the number twenty-two as the denominator at trial. That is the number of years appellee served in the military, exclusive of the period of time he was on temporary medical retirement. The following colloquy occurred between appellee and the court at trial:

[Court]: All right sir. That four year period, that applied on

your retirement?

[Appellee]: No, sir, that was not active duty.

[Court]: It did not.

[Appellee]: I was for all practical purposes medically retired, was drawing retirement pay and that did not count — ....
And the period from June of '87 to April of '91 was dead time, it does not count for active duty at all.

. . .

[Court]: And that's for retirement purposes?

[Appellee]: Yes, sir. That allows me to draw $2,596.00, that's two and a half percent per year times that amount. If it had been 22 years it would have been $2,606.00, but it was 11 days short of 22 years, there's about $10.00 in there that they deducted because it wasn't an even 22 years. They get you right down to the penny.

The correctness of using twenty-two as the denominator is further evidenced by the fact that appellee introduced his Air Force DD Form 214 as an exhibit at trial, showing that the period of time he was on temporary medical retirement was not included for retirement purposes.

With respect to the numerator, we find no error in the chancellor's calculation resulting in the number nine. He calculated that the period from the date of the parties' marriage until appellee started his temporary medical retirement was five years, nine months; and the period from the date of his return from medical retirement to the date of his permanent retirement was three years, three months. The total of those two periods equals nine years. He concluded that although the parties were actually married for thirteen years, the numerator should be nine because that was the number of years of military service during their marriage that counted toward retirement. The period of time appellee was on temporary medical retirement did not count for retirement. Thus, the chancellor's division of retirement pay was proportionate to the number of years of marriage that coincided with military service. See *Young*, 288 Ark. at 34.

In *Askins* v. *Askins*, the supreme court noted that neither the statute regarding the division of marital property nor the court's

opinion in *Askins* was intended to tie the chancellor to any specific formula for dividing prospective retirement benefits. 288 Ark. at 337. Here, the chancellor explained how he decided upon the fractional interest, and we find nothing in appellant's argument to warrant a contrary finding.

In her second point of appeal, appellant argues that the chancellor erred in considering briefs that were presented more than thirty days after the trial date. We find no error.

At the end of the September 22, 1994, hearing below, the chancellor stated to the parties:

> Bev's theory is that it should be 13 over 22. Colonel's theory is that it should be 9 over 22. My theory is that it should be somewhere around 13 over somewhere around 26, all of them times one-half. But, anyhow, I'm going to get you all to write me in any event as to what each of you feel I should rule, knowing that I'm going to order all this personal property sold.
>
> . . .
>
> You all let me know how you all think that ought to be treated and particularly let me know how you think this service thing should be treated. *I've told you how I'm inclined to treat it, and I probably won't change, but anyhow each of you argue with me. ... And I don't want you to feel you need to do this by some formal brief, just write me whenever you're ready to.*

(Emphasis added.) Appellant filed her motion for division of personal property and supporting brief on December 16, 1994, and appellee replied on December 27, 1994. In addition, according to appellant, appellee also submitted a letter to the chancellor on January 17, 1995. The divorce decree was entered on March 2, 1995.

Appellant argues that the trial court erred in considering the written arguments submitted to it after the hearing. They were all dated more than thirty days after the trial date, including appellant's. She asserts that they were untimely under Administrative Order Number 3, contained in the appendix to the Arkansas Rules of Civil Procedure. The administrative order provides: "The total time for all parties to file briefs in any case in...chancery...courts is limited to a period not to exceed thirty (30) days after the trial is

completed and the case is ready for decision." She acknowledges that the administrative order allows for the trial court to extend this time limit, but argues that such an extension was not granted in this case. She concludes, therefore, that the chancellor's "ruling" at trial should have been final and the decree should have been prepared in accordance with that "ruling." We disagree.

■ First, the chancellor told the parties at the end of the hearing how he was "inclined" to treat the retirement issue, and he requested the parties to submit informal arguments to him supporting their positions regarding how he should rule. His comments in this respect cannot be regarded as a ruling. Furthermore, the chancellor invited the submission of informal arguments from the parties. Administrative Order Number 3 did not prohibit him from accepting those arguments more than thirty days after the hearing date.

In her final point of appeal, appellant asserts that the January 17, 1995, letter from appellee to the chancellor, which is not a part of the record before us, enclosed materials that were not submitted into evidence. She argues that the chancellor erred in considering those matters and thereby denied her the opportunity to cross-examine a witness.

■ The chancellor reviewed the certified record transmitted to this court pursuant to a mandate to settle the record. In his order settling the record, the chancellor found that the certified record contained "all matters on which the court based its decision of March 2, 1995." Thus, in reaching his decision the chancellor did not rely upon matters that were not in evidence, and appellant was not denied the opportunity to cross-examine any witness.

Affirmed.

ROGERS and NEAL, JJ., agree.