Marvin L. WRIGHT *v.* Jane Alice WRIGHT

CA 89-67                                     779 S.W.2d 183

Court of Appeals of Arkansas
Division II
Opinion delivered September 13, 1989

*Janice Williams Wheeler* and *Charles A. Yeargan*, for appellant.

*Bob Keeter*, for appellee.

JAMES R. COOPER, Judge. The parties were divorced by a decree entered July 14, 1988. The chancellor found that a five-acre tract of real property was the separate, non-marital property of the appellee, and that the appellant had a $2,500.00 interest in that property. The real property was therefore awarded to the appellee subject to a $2,500.00 equitable lien in favor of the appellant. The chancellor also found that the furniture in the

home located on the five-acre tract was the separate, non-marital property of the appellee. From that decision, comes this appeal.

The appellant does not challenge the portion of the decree in which the chancellor, citing general indignities, granted a divorce to the appellee on her counterclaim. Instead, he contends that the chancellor erred in determining his interest in the five-acre tract, and in finding that the household furnishings were the appellee's separate, non-marital property. We reverse in part, affirm in part, and remand.

The parties were married on April 28, 1975. The appellee testified that her son died shortly before her marriage to the appellant, that she was the beneficiary of several of her son's life insurance policies and that, after the marriage, she received insurance proceeds of $20,000.00, $5,000.00, and $2,500.00. She stated that she deposited these funds in a joint account she held with her mother and a joint account she had held with her deceased son; neither account bore the appellant's name. She testified that she used the insurance proceeds to purchase the five-acre tract and the furniture.

The warranty deed reflects that the five-acre tract was conveyed to the appellee on January 2, 1976. The appellant's name does not appear on the deed. The appellee testified that the real property was purchased for $22,500.00. She was credited $2,500.00 in exchange for a mobile home she owned prior to the marriage. As to the remaining balance of $20,000.00, the appellee testified that she paid $10,000.00 out of the savings account she held with her mother, and $5,000.00 from the account she had held with her son. She stated that the funds used for these payments were solely derived from the insurance proceeds she received after her son's death. The $5,000.00 balance was financed, and the appellee admitted that this $5,000.00 promissory note was paid with marital funds. Finally, the appellee testified that she bought the furniture and paid for it with separate funds derived from the insurance proceeds.

The appellant disputed the appellee's testimony regarding the source of the funds used to purchase the land and the furniture. He admitted that the appellee had separate bank accounts, but testified that he thought that the initial payments of $10,000.00 and $5,000.00 on the real property were made from a

joint account which he and the appellee maintained. He also stated that, to the best of his knowledge, the furniture was also paid for out of the marital joint account.

We first address the appellant's contention that the chancellor erred in determining the value of his interest in the five acres of land and improvements. We agree. Property acquired for a consideration paid in part out of marital property and in part out of the separate funds of one of the spouses is in part marital property and in part separate property. *See Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983). We think that the chancellor correctly found the insurance proceeds to have been the appellee's separate property. The decisions of the Arkansas Supreme Court in comparable cases indicate that the time that a right to property is acquired, rather than the time the property is actually received, is the determinative factor in deciding whether or not that property had been acquired during the marriage. *See Bunt* v. *Bunt*, 294 Ark. 507, 744 S.W.2d 718 (1988); *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). Although the insurance proceeds in the present case were not received by the appellee until after the marriage took place, it is undisputed that the death of the appellee's son, which gave rise to the appellee's right to the proceeds, occurred prior to the marriage. We hold that these insurance proceeds were the separate property of the appellee. *See* Ark. Code Ann. § 9-12-315 (1987).

Nevertheless, we agree that the chancellor erred in finding that the $10,000.00 payment was not marital property, even if it was, as the appellee testified, paid out of the account the appellee held with her mother. The account passbook, which was introduced at trial, shows that all the activity in the joint account with the appellee's mother took place during the marriage. Nine separate deposits ranging in amount from $312.26 to $5,409.73 were made between October 4, 1975, when the account was opened, and January 2, 1976, when the $10,000.00 withdrawal was recorded.

In *Boggs* v. *Boggs*, 26 Ark. App. 188, 761 S.W.2d 956 (1988), we reversed a chancellor's finding that certain stock was non-marital property on the ground that the evidence did not permit tracing of the funds used to purchase the stock, which had been drawn from an account that Mr. Boggs maintained with his

father. Although there was testimony that the funds in the account belonged solely to Mr. Boggs' father and were a gift to Mr. Boggs, we found that the source of the funds was untraceable in light of Mr. Boggs' testimony that he occasionally deposited marital funds into the joint account. *Boggs* v. *Boggs, supra.* Although the appellee in the case at bar testified that the funds in her joint account with her mother were derived from the insurance proceeds, she later testified that she had, at unspecified times, deposited money she had earned during the marriage into the account. Given this testimony, and the fact that the deposits made to the appellee's joint account do not correspond to the amounts of the insurance proceeds, we think that the evidence does not permit tracing of the funds from which the $10,000.00 payment was drawn, and that the $10,000.00 payment should therefore be regarded as marital property. *See Boggs* v. *Boggs, supra; see also Jackson* v. *Jackson*, 298 Ark. 60, 765 S.W.2d 561 (1989). We reverse and remand for the chancellor to divide the five-acre tract in light of our holding that the fund from which the $10,000.00 payment was drawn was marital property. Of course, we do not disturb the chancellor's ruling that the $5,000.00 note was paid with marital funds.

■ With respect to the furniture and the $5,000.00 payment on the land which, according to the appellee's testimony, was made out of a joint account which she had held with her deceased son, we find no error. Unlike the $10,000.00 payment previously discussed, no admission by the appellee or other evidence of commingling concerning the furniture purchase or $5,000.00 payment appears in the record. With respect to these items, the chancellor's finding that the payment and purchase were made out of the appellee's separate funds is based on the unambiguous testimony of the appellee. Although the appellant testified that he believed that the furniture purchase and the $5,000.00 payment were made out of marital funds, neither party produced documentary evidence in support of their testimony. The issue therefore hinged on the credibility of the witnesses and, giving due deference to the chancellor's superior position to resolve questions of credibility, we cannot say that he clearly erred in finding the $5,000.00 payment on the five-acre tract and the furniture purchase were made out of the appellee's separate funds. *See* Ark. R. Civ. Pro. 52(a).

Affirmed in part, reversed in part, and remanded.

MAYFIELD and ROGERS, JJ., agree.