Dan NOWELL *v.* Debby NOWELL

CA 89-316                                      787 S.W.2d 698

Court of Appeals of Arkansas
Division II
Opinion delivered April 25, 1990

*Skokos, Coleman & Rainwater, P.A.*, by: *Randy Coleman,*

for appellant.

*Ivester, Skinner & Camp, P.A.*, by: *J. Kendal Cook*, for appellee.

JAMES R. COOPER, Judge. The appellant, Dan Nowell, and the appellee were married on December 9, 1978, and were divorced on April 12, 1989. In dividing the marital property, the chancellor awarded the appellee 56 ½ shares of Roadway Express Company stock which the appellant had earned as part of an employee benefit package. On appeal, the appellant argues that the trial court erred in awarding this stock to the appellee. We reverse and remand.

The appellant testified that he began working for Roadway Express in 1977, and he left their employ in 1984. Beginning in 1977, the company distributed shares of stock on a quarterly basis, to the appellant's account in an employee retirement plan. When the appellant left Roadway, in 1984, he forfeited the stock from that year, 1984, and also the stock accrued during the previous five years, leaving 150 shares. The appellant rolled the 150 shares over into an Individual Retirement Account in his name only. At trial, the appellant contended that only the stock which accumulated between December 9, 1978, and January 1, 1979, was marital property because the remaining stock was acquired prior to the marriage.

The chancellor found that the appellant, acquiring stock at the rate of 75 shares per year for eight years, accrued 600 shares of stock over the eight years of his employment with Roadway. Because the appellee was married to the appellant for approximately six of the eight years he worked for Roadway, the chancellor found the appellant's non-marital proportionate share of the stock to be over 150/600 or one-fourth. He then found that three-fourths of 150 shares, or 113 shares, was marital property and then awarded appellee one-half of the 113 shares which equalled 56½ shares.

The appellant argues on appeal that the chancellor erred in dividing these shares because, with the exception of stock "earned" from December 9, 1978, the date of the marriage, to December 31, 1978, the end of the quarter, the 150 shares of stock were non-marital property acquired prior to the marriage. We

agree with the appellant's argument.

■ According to Ark. Code Ann. § 9-12-315 (1987), property acquired prior to the marriage remains the party's sole and separate property. *See Reed v. Reed*, 24 Ark. App. 85, 749 S.W.2d 335 (1988). Although the chancellor found that the appellant had accumulated 600 shares between 1977 and 1984, this finding is not relevant because the only stock remaining after he left the company was the 150 shares acquired in 1977 and 1978. The appellant continued to accumulate stock from 1979 to 1984, but all these shares were fortified when he left the company. Thus, the only stock left in the retirement account consisted of 150 shares acquired in 1977 and 1978, the majority of which is non-marital property. Furthermore, most of the 150 shares retained their status as non-marital property after the marriage because the appellant did not co-mingle the stock with other marital property. We hold that the appellee is only entitled to her *pro rata* share of stock acquired in the last quarter of 1978, subsequent to the marriage. The appellant urges us to award the appellee a pro-rated 4½ shares of stock based on the 150 shares being equally distributed over the eight quarters. Because we cannot determine on this record whether the company distributed the stock equally over the eight quarters of 1977 and 1978, we must reverse and remand for further proceedings consistent with this opinion. Although the only issue addressed is the equal division of the stock, the chancellor is not precluded from making an equitable distribution upon finding that an equal distribution would be inequitable in accordance with Ark. Code Ann. § 9-12-315 (1987).

Reversed and remanded.

CRACRAFT and JENNINGS, JJ., agree.