Mae J. DUNN *v.* Jimmie Guss DUNN

CA 90-400                                    811 S.W.2d 336

Court of Appeals of Arkansas
Division I
Opinion delivered July 3, 1991

*Hewett, Schock, VanWinkle, & Whitmire*, by: *J. Randolph Shock*, for appellant.

*Walters Law Firm, P.A.*, by: *James B. Pierce*, for appellee.

JAMES R. COOPER, Judge. The appellant and the appellee in this domestic relations case were married on August 5, 1972. On September 19, 1989, the appellant filed for divorce and a temporary order was entered requiring the appellee to pay the appellant $24,000.00 from the parties' joint savings account, $473.00 per month temporary support and $350.00 as a temporary attorney's fee. On February 23, 1990, the final divorce decree was entered and provided, in pertinent part, for the appellee to pay the appellant an additional $6,000.00 from their joint savings account and further specified that the appellee's disability income was not marital property. The appellant subsequently filed motions to amend the decree with regard to the disability income determination and the division of the savings account; however, the chancellor declined to modify his earlier determinations. From that decision, comes this appeal.

The appellant first argues that the chancellor erred in ruling that the apppellee's long-term disability insurance was non-marital property, and second, that the chancellor erred by failing to divide the parties' joint bank account equally. Having deter-

mined that the appellant's first argument is meritorious, we do not reach the merits of her second argument and we reverse and remand.

On appeal from a chancery court case, we consider the evidence *de novo*, and we will not reverse the chancellor unless it is shown that the lower court's decision is clearly contrary to a preponderance of the evidence. *Kerby* v. *Kerby*, 31 Ark. App. 260, 792 S.W.2d 364 (1990). Furthermore, we recognize that the chancellor is given broad powers to distribute all of the parties' property in a divorce action, non-marital as well as marital, in order to achieve an equitable division. Ark. Code Ann. § 9-12-315; *Smith* v. *Smith*, 32 Ark. App. 175, 798 S.W. 2d 442 (1990).

Our review of the record shows that the parties had been married eighteen years and, at the time of their divorce in 1990, the appellee and the appellant were 55 and 59 years old, respectively. When the couple married in 1972 the appellee was employed by Pepsi Cola Bottling Company where he remained employed during the marriage. The appellee testified that, in 1984, he underwent bypass surgery and that he quit working and elected to collect disability benefits in 1987. The appellee explained that these benefits were paid pursuant to a company-sponsored long-term disability plan carried by Massachusetts Mutual. The appellee stated that the disability sick pay insurance plan was a non-contributory plan provided by the company to its executives in lieu of workers' compensation and that the plan was not tied to workers' compensation but paid benefits based on disability regardless of the circumstances of the disability provided that the disabled person was an employee. The appellee testified that, in addition to these benefits, he had a retirement plan with disability coverage (MEI pension plan). He testified that he was not receiving disability benefits provided under his pension plan.[1]

The first argument concerns the characterization of property. All property acquired during the marriage is marital property unless it falls under an exception to the statutory definition of marital property. *See* Ark. Code Ann. § 9-12-315 (b)

---

[1] The Chancellor divided the pension plan as provided by Ark. Code Ann. § 9-12-315 (a)(1)(A) (1987), and on appeal, the division of that plan is not at issue.

(1987); *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984).

■■ In considering whether or not the property at issue was acquired during the marriage, we recognize that the determinative factor is the time that the right to the property was acquired, *Wright* v. *Wright*, 29 Ark. App. 20, 779 S.W.2d 183 (1989) (citing *Bunt* v. *Bunt*, 294 Ark. 507, 744 S.W.2d 718 (1988)); *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), and under the facts presented here, we find that the appellee's right to the disability benefits accrued during the marriage and therefore, the property was acquired during the marriage.

The appellee argues that the disability benefits he is receiving are sick pay, but, as noted, he testified that these benefits are derived from a non-contributory disability insurance plan which was provided by the company, for its executives, in lieu of workers' compensation. Under these circumstances, we think that the long-term disability plan under which the appellant was receiving benefits was consideration he received from the company in return for his services as a company executive. His coverage under the plan was consideration earned during the marriage. *See generally Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 369 (1986) (finding that a noncontributory pension plan was marital property as it was consideration of employment which was earned during the marriage.) Furthermore, his right to claim these benefits was contingent upon a subsequent disability which also occurred during the marriage.

The occurrence of the appellant's disability during the marriage caused the appellee's eligibility for the disability benefits to become an enforceable right. We therefore find that the appellee's entitlement to the benefits accrued during the marriage and that his right to the benefits is certain even though the amount of these benefits is not.

■ The appellee also asserts that the benefits are not marital property because they were not acquired during the marriage in that they were not vested. He cites *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), for the proposition that a vested pension is one which cannot be terminated unilaterally by the employer without terminating the employment relationship. Despite his assertion, we fail to see circumstances under which the appellee's employer could terminate the appellee's status as

an employee. The appellee argues that he could return to work and the benefit would cease, however, we do not find the possibility that he might choose to return to work and cause the benefit to cease to be the equivalent of his employer having the right to unilaterally terminate the benefit. Nor do we think that the appellee can defeat his entitlement to the benefits by choosing not to enforce his right to them.

Having concluded that the property at issue was acquired during the marriage, we still must determine whether or not the property is marital property. Marital property is all property acquired during the marriage unless it is specifically exempted by the statute. *See* Ark. Code Ann. § 9-12-315(b) (1987); *See also Bunt, supra; Day, supra.* Applying the statute to the facts of the case before us, we fail to see any applicable exemption specified. Even recognizing the appellee's assertion that the benefits are in lieu of workers' compensation, the benefits are not excepted under the statute as they are not for any degree of permanent disability nor are they for future medical expenses; moreover, the appellee testifies that he could return to work and the benefits would cease. *See* Ark. Code Ann § 9-12-315 (b)(6) (1987). We therefore hold, that these benefits are marital property to the extent that the appellee acquired an enforceable right in them during the marriage.

Under these circumstances, where the appellee's employer during the marriage provided a long-term disability insurance plan for its executives; where these benefits were in lieu of workers' compensation, and were not awarded as benefits for a permanent disability or for future medical costs; and where the disability entitling the appellee to collect the benefits provided by the plan occurred during the marriage; we hold that the property was acquired during the marriage and furthermore, is marital property as defined by the statute. *See* Ark. Code Ann.§ 9-12-315, *see also Wright* v. *Wright*, 29 Ark. App. 20, 779 S.W.2d 183 (1989); *Bunt* v. *Bunt*, 294 Ark. 507, 744 S.W.2d 718 (1988); *Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 374 (1986); *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984).

On *de novo* review of a fully developed chancery record, where we can plainly see where the equities lie, we may enter the order which the chancellor should have entered. *Bradford* v.

*Bradford*, 34 Ark. App. 247, 808 S.W.2d 794 (1991). However, we decline to do so in this case as only a portion of the marital assets are before us and because the benefits at issue are a significant marital asset, we think the interests of justice will be better served by remanding the case for a complete resolution of the property rights of these parties in a manner consistent with this opinion. In conducting such further proceedings, the chancellor will not be bound by prior determinations regarding the valuation of assets or the relative share of the marital estate to be awarded to each of the parties, and may permit the introduction of such additional evidence as is necessary for the just resolution of the issues.

Having decided that we must remand the case we need not address the appellant's argument that the court erred in making an unequal division of the parties' joint savings account. The case is remanded to the chancellor for a complete resolution of the parties' property rights.

Reversed and remanded.

MAYFIELD, J., agrees.

JENNINGS, J., concurs.