Birdie H. CAVIN *v.* Wylie CAVIN

91-242                                                          823 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered January 27, 1992
[Rehearing denied March 2, 1992.*]

*Henry Hodges*, for appellant.

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Dale Price*, for appellee.

JACK HOLT, JR., Chief Justice. This is an appeal from a divorce decree in which the appellant, Birdie Cavin, claims the chancellor erred in dividing marital assets. Mrs. Cavin claims the chancellor erred, first, in ordering an unequal distribution of assets pursuant to Ark. Code Ann. § 9-12-315 (1987) and, second, in failing to divide the proceeds of Mr. Cavin's sale of an antique gun and two life insurance policies.

Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c), as the case involves statutory interpretation and construction. We find no merit to the appeal, and affirm.

---

*Brown, J., not participating.

The parties were married on October 1, 1929. They separated on March 25, 1965, and have lived apart since that time. Mrs. Calvin filed this action for divorce in March, 1990.

During their marriage, and prior to their separation, Mr. and Mrs. Cavin owned and operated several businesses, primarily, a sporting goods store and restaurant called the Sportsman's One Stop and another restaurant named the Missouri Pacific Restaurant. Mr. and Mrs. Cavin both worked in, and contributed to, these two businesses. The Missouri Pacific Restaurant went out of business in 1965, and the Sportsman's One Stop apparently closed soon thereafter.

The Sportsman's One Stop store was constructed on a lot Mr. Cavin received as a gift from his mother. Mrs. Cavin also received a lot, by way of a gift from her mother, on which their family home was built. Both buildings were constructed with marital funds. Mrs. Cavin received the proceeds of the sale of the house and lot when the parties separated in 1965. The sporting goods store burned in 1987, and Mr. Cavin received the insurance proceeds and retained the lot.

Mr. Cavin testified at the time the sporting goods store went out of business, he was in bad financial condition. He auctioned off some of the inventory and transferred the rest to a liquor store. He stated he borrowed $50,000 which enabled him to open new businesses. Mr. Ed Mercing, his accountant, testified as to Sportsman's One Stop's poor financial condition.

Mr. and Mrs. Cavin also owned valuable gun and coin collections, which Mr. Cavin retained upon their separation.

Mrs. Cavin filed two separate maintenance actions, one in 1965, and one in 1970. Both suits were dismissed as Mrs. Cavin's attorneys advised her Mr. Cavin either had no assets or that none could be located.

Both parties are currently in poor health and Mrs. Cavin has accumulated a number of medical bills. Mr. Cavin resides in a retirement home and is confined to a wheelchair.

Answers to interrogatories indicate Mr. Cavin has CD's and checking accounts totalling approximately $130,000, in addition to the lot he received from his mother, valued at $25,000, and the

gun and coin collections. He receives a monthly pension from Missouri-Pacific Railroad in the amount of $120, along with social security benefits. Mrs. Cavin's assets consist of CD's and checking accounts totalling $27,000 and social security benefits.

During the course of trial, Mrs. Cavin testified that she was only interested in the money and the assets that were "ours before we separated." Following trial, the chancellor determined that the gun and coin collections, and Mr. Cavin's pension, were to be divided equally. (The parties agreed that in lieu of Mrs. Cavin's interest in the pension benefits, Mr. Cavin would pay her $60 per month in alimony.) The chancellor further held that although the parties' home and the Sportsman's One Stop store were both built with marital funds, there had already been an equal division of those properties when the parties separated in 1965. Mrs. Cavin kept the home and sold it, retaining the proceeds, and Mr. Cavin retained the lot containing the Sportsman's One Stop building, and later collected the insurance proceeds when the building burned.

As to the cash and certificates of deposit held separately by the parties, the chancellor determined that, although these assets constituted marital property, each party should retain the assets in his or her possession. The chancellor thus declined to divide the total remaining marital property equally. Section 9-12-315(a)(1)(A) provides that marital property is to be divided one half to each party "unless the court finds such a division to be inequitable." One of the enumerated factors to be considered in making such a determination, and the one primarily relied upon by the chancellor, is the "contribution of each party in acquisition, preservation, or appreciation of marital property. . . ."

Mrs. Cavin contends the chancellor erred in failing to apply the required presumption that all property acquired by either spouse during the marriage, and prior to the decree of divorce, is marital property, and that the court erroneously *assumed* Mr. Cavin acquired all of his current assets after the separation in 1965, without requiring him to assume the burden of proof. Mrs. Cavin further contends that, regardless of who bears the burden of proof, the evidence does not support the chancellor's findings. We disagree.

Unquestionably, our law is that assets acquired after separa-

tion, and prior to a grant of divorce, are marital property. Section 9-12-315(b); *Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987); *see Franklin* v. *Franklin*, 25 Ark. App. 287, 758 S.W.2d 7 (1988). The chancellor recognized this in her findings, but concluded, however, after an examination of the facts before her and consideration of the factors under Section 9-12-315, that it would be unfair to divide the marital property, after 25 years of separation, equally.

In her findings of fact, the chancellor noted the testimony of Mrs. Cavin that she had twice filed actions for separate maintenance after the separation, but was informed by two different attorneys that Mr. Cavin had no assets. Mr. Ed Mercing, Mr. Cavin's accountant, testified that Sportsman's One Stop never showed much profit and that there was generally very little income after 1965. The chancellor further found Mr. Cavin's new businesses were started subsequent to the separation and that Mr. Cavin took out a $50,000 loan to pay off debts and to invest in the new ventures. Lastly, the chancellor found, and both Mr. and Mrs. Cavin testified, that neither party had contributed anything, whatsoever, to the other, during their 25-year separation.

■ We will affirm the chancellor's findings of fact, unless clearly erroneous. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). We cannot say, from the evidence presented, that the findings recited above were clearly erroneous.

■ On these facts, the chancellor was then justified in dividing the marital property unequally, taking into consideration the parties' ages, health, and the fact that, other than the parties' coin and gun collections and Mr. Cavin's pension, whatever assets presently possessed were accumulated over a 25-year period, without the support of contribution of the other. The latter consideration, another point Mrs. Cavin challenges, is clearly enumerated in Section 9-12-315(a)(1)(A)(viii) as "the contribution of each party in acquisition, preservation, or appreciation of marital property. . . ." Any exception to the rule of equal distribution will always depend upon the specific facts as reflected by the trial court's findings and conclusions. *Gentry* v. *Gentry*, 282 Ark. 413, 668 S.W.2d 947 (1984). The overriding purpose of Section 9-12-315, paramount to all other considerations, is to enable the courts to reach a decision that is equitable,

and marital-property law vests in the trial court a marked measure of flexibility in apportioning a couple's total assets. *See Canady* v. *Canady*, 290 Ark. 551, 721 S.W.2d 650 (1986). We find that the chancellor's division of property reached an equitable result.

In her final point, Mrs. Cavin asserts the chancellor erred in failing to divide the proceeds of Mr. Cavin's sale of an 1860 Derringer for $2,000, and his sale of two life insurance policies totalling approximately $6,500.

This issue was raised in Mrs. Cavin's motion for reconsideration, following the chancellor's ruling from the bench. After receiving the motion, the chancellor addressed a letter to both attorneys stating that since Mrs. Cavin's attorney had filed a motion to reconsider, she would appreciate some additional documentation concerning the values of Mrs. Cavin's formerly owned lot and home and Mr. Cavin's property which housed the Sportsman's One Stop.

Mrs. Cavin then moved to withdraw her motion for reconsideration, stating that since the value of the properties was not an issue in her motion for reconsideration, she was requesting a withdrawal of that motion. The chancellor granted the motion to withdraw.

As a result, Mrs. Cavin's motion to withdraw the motion for reconsideration precluded the chancellor from considering any of the issues contained therein, including the argument she now raises. Likewise, we are precluded from examining this issue, as it was not preserved for appeal.

For the foregoing reasons, the decision of the chancellor is affirmed.

BROWN, J., not participating.