Teresa O'NEAL *v.* Robert Wesley O'NEAL

CA 95-1135                                    929 S.W.2d 725

Court of Appeals of Arkansas
Division III
Opinion delivered October 2, 1996

*J. Patrick McCarty*, for appellant.

*Annie Powell* and *Eddie N. Christian*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Teresa O'Neal, and the appellee, Robert Wesley O'Neal, were married in October 1993. The final divorce decree, entered June 28, 1995, provided in part that $35,000.00 that appellee received from his employer, Smith Barney, be characterized as deferred compensation and nonmarital in character. Teresa O'Neal appeals this finding and the denial of her motion for continuance. We affirm.

Appellant first argues that the chancellor erred in ruling that the moneys appellee received were nonmarital property.

Chancery cases are reviewed *de novo* on appeal, but the appellate court will not disturb the chancellor's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Jones* v. *Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993).

Appellee changed jobs after the parties were separated but before the divorce decree was entered. At the time of the final divorce hearing, appellee had a right to but had not received the $35,000.00 from his new employer, Smith Barney. Appellee said that he signed an employment contract with Smith Barney on April 21, 1995, prior to the final divorce hearing on May 10, 1995. His employment contract provided that he would receive a $35,000.00 advance as compensation during the period of job transition and as he developed clientele. Appellee said that to avoid repaying the money, he had to be employed by Smith Barney a minimum of four years.

Clifton Ladd, a Smith Barney manager, testified that the money was a "forgivable loan," with twenty-five percent of the loan being forgiven for each year that appellee remained through the four years. Ladd testified that the forgiven portion of the loan becomes taxable income to appellee and that the loan was part of appellee's compensation package.

Appellant argues that the $35,000.00 is marital property because appellee had access to it prior to entry of the divorce decree. It is true that assets acquired after separation and prior to

divorce are marital property. *Cavin v. Cavin*, 308 Ark. 109, 823 S.W.2d 843 (1992). In considering whether property is marital, the determining factor is the time that the right to the property is acquired. *Dunn v. Dunn*, 35 Ark. App. 89, 811 S.W.2d 336 (1991). Here, even though appellee acquired the right to the $35,000.00 during the marriage, he did not *earn* it during the marriage. The testimony was that the money was compensation for future services and contingent on appellee's future performance; thus, it was not earned during the marriage and is not marital property. *See Wilson v. Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987); *Dunn, supra*; *Dillard v. Dillard*, 28 Ark. App. 217, 772 S.W.2d 355 (1989). The court's determination that the money was advanced compensation and not marital property is not clearly erroneous.

Next, appellant argues that it was error to deny her motion for continuance. The parties separated in March 1995, and a final hearing was set for May 10, 1995, because the initial trial setting of May 16, 1995, created a schedule conflict for appellant's counsel. Appellant's attorney agreed to the expedited trial date conditioned on appellee's attorney timely supplying information requested in interrogatories which appellant served on appellee on April 4, 1995. Appellee responded on May 5, 1995. Appellant moved for a continuance based on new information revealed in the interrogatories regarding appellee's not yet received $35,000.00 payment. Counsel renewed his motion at the beginning of the May 10 hearing, and the court denied it stating that "if it develops that we need more information, more fully developed, then we will make arrangements for that to occur." Appellant testified that she did not have enough information regarding her interest in the money. During the trial the money was discussed at length; however, appellant's counsel never requested further information nor renewed the motion for continuance.

■■ Whether to grant a continuance to allow further discovery is a matter within the trial court's discretion. *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995). For this court to reverse the denial of the continuance, appellant must show that the trial court abused its discretion and that the additional discovery would have changed the outcome of the case. *Id.* Because all of the evidence before the court conclusively demonstrated that the money was compensation for future services, we cannot determine that the court abused its discretion in denying a continuance or that

appellant demonstrated that additional discovery would have changed the outcome.

Appellee, alleging that appellant's abstract failed to comply with the appellate rules, asks for an award of costs for preparation of a supplemental abstract. We find no merit in this argument, and the motion is denied.

Affirmed.

JENNINGS, C.J., and HAYS, Special Judge, agree.