SLIP OPINION

Cite as 2015 Ark. App. 45

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–506

|  |  |
|---|---|
| | Opinion Delivered   JANUARY 28, 2015 |
| SHELBY DEAN HARGROVE<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION |
| V. | [NO. 60-DR-13-2226] |
| ROBBIE LYNN HARGROVE<br>APPELLEE | HONORABLE MACKIE M. PIERCE, JUDGE |
| | REVERSED |

## KENNETH S. HIXSON, Judge

At issue in this appeal is whether certain life insurance proceeds constituted marital property subject to division in a divorce case. Appellant Shelby Hargrove contends that the trial court erred in finding that the death-benefit proceeds were marital property and awarding a portion to his ex-wife, appellee Robbie Hargrove. After de novo review, we hold that the trial court clearly erred in failing to adhere to statutory mandate, and thus we reverse.

We begin with our standard of review. We review domestic-relations decisions de novo on the record. *Scott v. Scott*, 86 Ark. App. 120, 161 S.W.3d 307 (2004). Although review is de novo, we will not reverse a finding of fact by the trial judge unless it is clearly erroneous. *Id.* A trial court's determination of whether certain property is marital property is a fact question that will not be reversed unless it is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the

SLIP OPINION

entire evidence is left with a distinct and firm conviction that a mistake has been committed. *Id.* As to issues of law, however, we give no deference to the trial court and rather review issues of law and statutory construction de novo. *Farrell v. Farrell*, 365 Ark. 465, 231 S.W.3d 619 (2006).

In a divorce action, statutory law requires that all marital property be evenly distributed to each party, unless the trial court finds such a division to be inequitable, in which event the trial court may make a division that the trial court deems equitable. Ark. Code Ann. § 9-12-315(a)(1) (Repl. 2009). Arkansas Code Annotated section 9-12-315(b) specifically provides, however, that "marital property" does not include "property acquired prior to marriage or by gift or by reason of the death of another, including, but not limited to, life insurance proceeds." *Id.* at (b)(1). The trial court, however, created an exception to this statutory exemption by considering the proceeds equivalent to retirement benefits or active appreciation of a non-marital asset. This defies the plain statutory language and constitutes clear error.

What follows is an examination of the undisputed facts in greater detail. Appellant, Shelby Hargrove, had a son from a previous marriage. In 1995, appellant purchased a life insurance policy on his son, appellant being the named beneficiary of the policy. In 1997, appellant and appellee married. From the date of marriage through May 2013, when the parties separated and divorce proceedings were initiated, the premiums on the life insurance policy were paid with marital funds. The final three months of premiums (June, July, and August 2013) were paid with non-marital funds, specifically deemed gifts to appellant from

SLIP OPINION

appellant's first wife and adult daughter. Appellant continued to be the beneficiary of the life insurance policy. Appellant's son passed away in August 2013, while the divorce was still pending.

Although the insurance policy was never made part of the record, commentary and stipulations before the trial court reveal that this was a flexible premium adjustable life insurance policy through Conseco with an estimated death benefit of $100,000. Although the policy accrued some cash value, that cash value was never realized because the life insurance was to pay solely a death benefit to the beneficiary of the policy, the appellant. The parties litigated whether the death benefit proceeds were marital property and subject to division, and if so, to what extent.[1]

Appellee's attorney argued that the policy was "brought out of" the statutory exemption by virtue of marital funds paying many years of premiums. Appellee's attorney characterized this as "commingling." Appellant's attorney contended that the life insurance proceeds were appellant's separate non-marital property by virtue of a plain reading of the division–of–marital–property statute, Arkansas Code Annotated section 9–12–315 (Repl. 2009).

After considering stipulations of fact and arguments of counsel, the trial court concluded that there was "sufficient commingling" of marital funds over sixteen years of

---

[1]The parties reached a settlement for the vast majority of issues related to this divorce action, and of the two issues that were presented for resolution by the trial court, only the life insurance issue is before us on appeal.

SLIP OPINION

monthly premium payments "to classify a portion of this policy, and any resulting proceeds, as marital property." The trial judge stated:

> You know, I don't understand why I would treat this any differently than I would, say, a retirement account that someone has somewhere where they've worked years before they get married and then they work a number of years during the marriage and then the parties divorce. Clearly, the retirement account is set up prior to the marriage with nonmarital funds, but the retirement funds that were contributed during the course of the marriage are marital property.
> Marital funds were utilized to pay this premium on this policy that was owned by Mr. Hargrove.
> You know, those cases that start back with *Box vs. Box* and those line of cases—J.T. Box owned his house outright. He married this lady and they did all kinds of work and did things and improved the value of that home. And when they got divorced, she was able to show the difference between when they were married and when they were divorced. And this is—you know, that started this sort of equitable claim against nonmarital assets line of cases that we now have.
> And in this particular situation, I don't see why I would treat this differently.

The trial judge concluded that because 86 percent of the premiums were paid with marital funds, then 86 percent of the life insurance benefits were marital property. The judge then awarded appellant 60 percent of the marital portion and awarded the appellee 40 percent of the portion deemed marital.

In Arkansas, property that is acquired during the marriage is presumptively marital property unless it meets one of the statutory exceptions contained in Arkansas Code Annotated section 9-12-315. *See Wright v. Wright*, 29 Ark. App. 20, 779 S.W.2d 183 (1989). By virtue of the plain wording of section 9-12-315(b)(1), the life insurance proceeds are property acquired by reason of the death of another and exempt from the definition of "marital property" for purposes of division of assets in divorce. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction.

*Farrell, supra.* For the trial court to deem an asset marital that is clearly prohibited by statute is in defiance of our legislature's mandate. Property classification is a question of fact, and we review the circuit court's findings of fact and affirm unless the findings are clearly erroneous. *Farrell, supra*; *Dozier v. Dozier*, 2014 Ark. App. 78, 432 S.W.3d 82. This was clearly erroneous.

Further, there was no active increase of value of this non-marital asset, which may in certain circumstances lead to a non-owning spouse's right to an equitable interest in the non-marital property. *See, e.g., Jones v. Jones*, 2014 Ark. 96, 432 S.W.3d 36; *Brown v. Brown*, 373 Ark. 333, 284 S.W.3d 17 (2008); *Farrell v. Farrell*, 365 Ark. 465, 231 S.W.3d 619 (2006); *Box v. Box*, 312 Ark. 550, 851 S.W.2d 437 (1993). Indeed, cash value of a life insurance policy may be divided as a marital asset, as demonstrated by *Jones*, *supra*. That is not the issue before us as there was no cash value to distribute. Nor was there "commingling." Commingling occurs, by way of example, if one spouse receives non-marital life insurance proceeds and then places that money in a joint account or uses it to improve or reduce debt on a marital asset. *See, e.g., Wright v. Wright*, 29 Ark. App. 20, 779 S.W.2d 183 (1989). The non–marital character of an asset can thus be lost when it is combined or commingled with a marital asset. In this instance, there was no commingling; no life insurance proceeds were disbursed to appellant prior to the divorce.

We hold that the life insurance proceeds payable on account of appellant's son's death are not marital property. We, therefore, reverse.

Reversed.

GLADWIN, C.J., and VIRDEN, J., agree.
*Wallace, Martin, Duke and Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.
*Dover Dixon Horne PLLC*, by: *Gary B. Rogers* and *Bridget H. Norton*, for appellee.