Cite as 2024 Ark. App. 587

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-23-613

| | |
|---|---|
| CHRISTOPHER F. BAILEY<br><br>APPELLANT<br><br>V.<br><br>LINDSEY BAILEY<br><br>APPELLEE | Opinion Delivered November 20, 2024<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30DR-22-183]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Christopher Bailey and appellee Lindsey Bailey were divorced by a decree entered on May 23, 2023. Appellant brings this appeal contending that the circuit court's actions during the divorce hearing intimidated appellant into entering into a settlement agreement.

The parties were married on February 7, 2021, and separated around August 5, 2022. There were no children born of the marriage. During the time that they were together, the parties commingled property that would have otherwise been considered nonmarital. The divorce hearing took place on May 1, and there was some disagreement about how the property in question would be divided. The circuit court subsequently stated the following:

> You know, folks, I'm going to tell you that there's a lot about this case that --
> you know, I've read through all your stuff and I explained it to you. But I'm going to
> tell you, if y'all can't reach an agreement that stuff that I find to be marital is going to

be sold at an auction. And here's the problem. If y'all can reach an agreement between yourselves that's fine. Obviously you can't. You're here. But here's the situation. If it's been co-mingled during the marital relationship, during the period of time they were married and they changed titles on it, it's marital. Isn't anything I can do about it under Arkansas law. I'll let you trace back to it if you traded something in. But you're going to be stuck with the ruling not from me, from the Court of Appeals. They're very clear on this issue. They believe that anything that's been co-mingled, it's been transmuted and it becomes part of the marital estate.

So, you know, I'm just telling y'all that because you seem to be trying to bounce around trying to keep what, cherry pick what you want. But I'm stuck. Legally I'm stuck to make sure if it's been transmuted or commuted together then it becomes marital property. And if you can't reach an agreement I'm going to sell it. I can't help that. So I don't mind you making your argument. I just want everybody to know they're on the page that I'm having to deal with. I've got to follow the law that the Court of Appeals has laid down in numerous cases in this state.

You may proceed.

The circuit court then made it clear that it was not trying to force a settlement on the parties but that it intended to follow the law if it was left up to court. After the circuit court's statements, both attorneys asked for a brief recess. When they returned, an agreement had been reached, and it was subsequently read into the record.

Appellant was granted a divorce on the grounds of general indignities on May 23. The decree set out the terms of the parties' settlement agreement. Appellant filed a notice of appeal on June 15. This appeal followed.

Our standard of review in domestic-relations cases is well settled. This court reviews domestic-relations cases de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous.[1] A finding is clearly erroneous when, although there is evidence

---

[1]*Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348.

to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.[2] Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony.[3] As to issues of law, however, we give no deference to the circuit court; rather, we review issues of law de novo.[4]

Appellant contends that he was intimidated by the circuit court to enter into the settlement agreement. However, he has failed to develop his argument or support it by any convincing argument or citation to legal authority. We will not consider arguments not supported by convincing argument or citation to authority.[5] Nor will we make an appellant's argument for him or consider an argument that is not properly developed.[6] The supreme court has stated that the failure to cite legal authority or develop a point legally or factually is sufficient to affirm the circuit court's order.[7] Because this point has not been developed or supported by legal authority, it provides no grounds for reversal.[8]

---

[2]*Id.*

[3]*Id.*

[4]*Hargrove v. Hargrove*, 2015 Ark. App. 45, 453 S.W.3d 683.

[5]*Cullen v. Allstate Ins. Co.*, 2021 Ark. App. 445.

[6]*Id.*

[7]*Williams v. Baptist Health*, 2020 Ark. 150, 598 S.W.3d 487.

[8]*See id.*

However, even if we were to reach the merits of appellant's argument, we would affirm. There is no evidence on the record to show that appellant was intimidated or coerced into an agreement. Appellant was represented by counsel, who, like appellee's attorney, asked the court for a recess to see if an agreement could be reached. Once the parties reached an agreement, it was read into the record without objection. Additionally, appellant answered "[s]ure" twice when asked by the circuit court if it was his agreement. Property-settlement agreements, especially after approval by a circuit court, are considered binding and final contracts between the parties.[9] Here, the terms of the property-settlement agreement were undisputedly agreed on by the parties, and the agreement was read into the record without objection. It was subsequently approved by the circuit court. The fact that appellant entered into an agreement that later appeared improvident to him is no ground for relief.[10]

Affirmed.

WOOD and MURPHY, JJ., agree.

*Bob Sanders*, for appellant.

*Regina White*, for appellee.

---

[9]*Carr v. Carr*, 2019 Ark. App. 513, 588 S.W.3d 821.

[10]*See id.*