Etta Lee GUINN *v.* Norris W. GUINN

CA 90-489                                    816 S.W.2d 629

Court of Appeals of Arkansas
Division II
Opinion delivered October 9, 1991

*Oscar Hirby*, for appellant.

*Meredith Wineland*, for appellee.

JOHN E. JENNINGS, Judge. Norris and Etta Lee Guinn were married in 1958 and were divorced by decree of the Saline County Chancery Court on September 25, 1989. On appeal to this court, Mrs. Guinn contends that the chancellor erred in holding that the "Timex Major Needs Fund" was not marital property and erred in his disposition of certain funds which had been withdrawn from a joint bank account. We agree with the first point raised and reverse and remand.

Mr. Guinn began working for the Timex Corporation at about the time the parties married. During the marriage Mr. Guinn had accumulated interest in a fund described as a "Major Needs Fund Account." The fund was non-contributory in the sense that all contributions to it were made by the employer. The employer's annual contribution was equal to ten percent of the appellee's base pay. At the time of the divorce appellee's interest in the fund was $14,546.91. This money was available for Mr. Guinn's use, at his option, for the following purposes only: (1) purchase of an automobile up to the sum of eighty percent of its price or the limits of the fund account; (2) investment in real estate up to eighty percent of the property's price or the limits of the fund account; (3) educational needs of Mr. Guinn or his dependents up to the limit of the fund account; and (4) home improvements up to five percent of the base of the employee's annual salary or the limits of the fund account.

The entire balance of the fund was payable in cash upon the employee's retirement, layoff, disability, or death. The appellee would become ineligible to withdraw the money in the fund only if he voluntarily quit or was discharged for cause.

In determining that the property was not marital the court said:

> [I]t does not appear that that is a vested account that is subject to his receiving it other than if he meets certain criteria.

The testimony is that they have not used it in the past. It is based on the likelihood, only contemporaneously that something may or may not occur.

It is not a vested marital asset with acceptable division. To grant her half interest in the amount would require him to go borrow or to trump up a need to borrow something so he could get money out of the plan. I don't feel like it is the court's province to require people to utilize things if they don't feel it is profitable to do so. I do not find it to be marital.

■ We cannot agree. In *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), the court held:

[E]arnings or other property acquired by each spouse must be treated as marital property, unless falling within one of the statutory exceptions, and neither one can deprive the other of any interest in such property by putting it temporarily beyond his or her own control, as by the purchase of annuities, participation in a retirement plan, or other device for postponing full enjoyment of the property."

In *Gentry* v. *Gentry*, 282 Ark. 413, 668 S.W.2d 947 (1984), the supreme court said that "marital property means *all* property *acquired* by either spouse subsequent to the marriage" (citing Ark Stat. Ann. § 34-1214 (Repl. 1962)) (emphasis in *Gentry*).

■ As to the question whether Mr. Guinn's interest in the major needs fund account was "vested," his right to the account meets the test approved in *Day*, i.e., it is "one that cannot be unilaterally terminated by the employer without also terminating the employment relationship." *Day* v. *Day*, 281 Ark. at 267. Finally, the fact that the fund is non-contributory is not controlling. *Goode* v. *Goode*, 286 Ark. 463, 692 S.W.2d 757 (1985); *Dunn* v. *Dunn*, 35 Ark. App. 89, 811 S.W.2d 336 (1991). We conclude that the appellee's interest in the major needs fund account was marital property.

Under the circumstances of the case at bar we think it appropriate to remand the case to the trial judge, as the supreme court did in *Gentry*, *supra*. The chancellor has at least three options available for the disposition of vested but non-matured

retirement interests. *Addis* v. *Addis*, 288 Ark. 205, 703 S.W.2d 850 (1986).

Appellant's second contention concerns a joint bank account. When the parties separated in 1989, Mr. Guinn moved from the marital home and withdrew approximately $5,600.00 from a joint bank account. As of the date of divorce $2,400.00 of these funds remained unspent and the chancellor divided this amount equally between the parties. Mr. Guinn testified that he used the balance of the funds to pay dental bills, rent, security deposits, and start-up expenses for housekeeping. Appellant does not contend that the money was spent otherwise, but insists that the chancellor was required to divide the account balance as of the date it was withdrawn.

Before the money was withdrawn from the account it was held as tenancy by the entirety property and was subject to division under Ark. Code Ann. § 9-12-317 (1987). *See Lofton* v. *Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988). When appellee withdrew the funds they ceased to be a part of the estate by the entireties. *See Jackson* v. *Jackson*, 298 Ark. 60, 765 S.W.2d 561 (1989). It is clear, however, that the appellee could not, merely by the act of withdrawing the funds from the joint account, acquire title to the funds as against the appellant. It is true, as appellant contends, that one remedy available in an appropriate case is the imposition of a constructive trust. *See e.g.*, *Savage* v. *McCain*, 21 Ark. App. 50, 728 S.W.2d 203 (1987). The chancellor also has authority in equity to order an accounting (*See* D. Dobbs, *Handbook on the Law of Remedies* § 4.3 at 252 (1973), and in an appropriate case to offset funds. *See Dillard* v. *Dillard*, 28 Ark. App. 217, 772 S.W.2d 355 (1989) (Rogers, J., dissenting). The equitable remedy of a constructive trust, however, is not imposed absent a legal wrong, such as fraud, as suggested in *Jackson* v. *Jackson*, 298 Ark. 60, 765 S.W.2d 561 (1989), or overreaching, as in *Savage*, *supra*. In the case at bar the chancellor made no finding of fraud or overreaching on the part of the appellee, and we are not persuaded that we should make such a finding on *de novo* review. Not infrequently parties to a divorce must use marital funds to live from day to day during the pendency of the divorce. Equity must act only when unfair advantage is taken. In the case at bar we cannot say that the chancellor's decision not to impose a constructive trust or to order

an offset was clearly erroneous.

Affirmed in part; reversed and remanded in part.

DANIELSON and MAYFIELD, JJ., agree.