Cite as 2020 Ark. App. 552

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-798

| | |
|---|---|
| JOHN FRANKLIN TRICKETT | **Opinion Delivered:** December 9, 2020 |
| APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 24CCV-18-16] |
| V. | |
| JOHN SPANN AND SALLY SPANN | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| APPELLEES | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

The Franklin County Circuit Court granted judgment in the amount of $150,000 to appellees John and Sally Spann on July 22, 2019, following a bench trial. The circuit court found that appellant John Franklin Trickett had been unjustly enriched at the expense of the Spanns. The issue on appeal is whether the circuit court's finding of unjust enrichment is clearly erroneous. We find that it is not and affirm.

Trickett was married to the Spanns' daughter, Marvilla Spann Trickett, who died of cancer on August 25, 2013. Prior to Marvilla's death, in late 2007 or early 2008, the Spanns moved from Texas to the Tricketts' home in Charleston, Arkansas. From July 2008 to March 2009, a home was constructed for the Spanns on the real property titled in John and Marvilla Trickett's name (as husband and wife) with funds contributed by the Spanns.

The Spanns funded the construction of the house through the sale of the real property they owned in Texas prior to moving to Arkansas. Those funds were deposited in an account at First National Bank in Fort Smith, Arkansas, in the names of John Spann, Sally Spann, John Trickett, and Marvilla Trickett. The purpose of depositing the funds into a joint account was to enable any of the four people to write a check for materials or services provided for the new home. However, most of the checks were written by Sally Spann.

Prior to the funds being deposited into the joint account, John Trickett had Sally Spann write "gift" on the four checks she had already written. Two of those checks were written to Marvilla Trickett for $12,000 each and two were written to John Trickett for $12,000 each. The circuit court found that Sally Spann did not intend to "gift" the money to the Tricketts, but she trusted her son–in–law and complied with his wishes. The circuit court also found that the cost of the home's construction was approximately $160,000.

Following Marvilla's death in 2013, the Spanns left their home on June 30, 2016. As alleged in their complaint, the Spanns have continuously and regularly paid the annual property taxes on their home; maintained their home and the area immediately surrounding it (i.e., their yard) as their private home; and paid for the upkeep, repairs, and improvements to their home. After the Spanns moved in 2016, they believed Trickett was obligated to pay them the value of their home or reimburse them the costs of the construction of the home. When Trickett refused, the Spanns filed a lawsuit on March 21, 2018, claiming unjust enrichment and a constructive trust. Trickett answered the complaint and filed a counterclaim alleging cloud on title.

The circuit court held a bench trial on April 26, 2019. The court heard testimony from the parties and Donald Burris, a real estate appraiser who determined the home to have a contributory value of $150,000. In its July 22, 2019 order, the circuit court found the Spanns had proved the four elements of unjust enrichment and entered a judgment in the amount of $150,000. The circuit court denied Trickett's counterclaim. On appeal, Trickett argues that the circuit court erred because the Spanns had not proved the elements of unjust enrichment.

The issue of unjust enrichment is a question of fact. *Feagin v. Jackson*, 2012 Ark. App. 306, at 7, 419 S.W.3d 29, 33. We review findings made at a bench trial to determine whether they are clearly erroneous or clearly against the preponderance of the evidence. *Sims v. Moser*, 373 Ark. 491, 284 S.W.3d 505 (2008); *Kapach v. Carroll*, 2015 Ark. App. 466, 468 S.W.3d 801. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made after a review of all the evidence. *Sims, supra.* Facts in dispute and credibility determinations are within the province of the fact-finder. *Id.*

For a court to find unjust enrichment, a party must have received something of value to which the party is not entitled and which the party must restore. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21; *Feagin, supra.* There also must be some operative act, intent, or situation to make the enrichment unjust and compensable. *Id.* One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right. *Id.* It is an equitable principle invoked to render a

situation fair under the circumstances. *See Le v. Nguyen*, 2010 Ark. App. 712, 379 S.W.3d 573.

Quasi-contracts, or contracts implied in law, are legal fictions, created by the law to do justice. *Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). The underlying principle is that one person should not unjustly enrich himself or herself at the expense of another. *Id.* The basis for recovery under this theory is the benefit that the party has received, and it is restitutionary in nature. *Id.* Recovery may be had under quasi-contract where services have been performed, whether requested or not, which have benefited a party. *Id.* Courts, however, will imply a promise to pay for services only when they were rendered in such circumstances as authorized the party performing them to entertain a reasonable expectation of their payment by the party beneficiary. *Id.*

To sustain an action for unjust enrichment, a plaintiff has the burden of proving the following elements: (1) that the plaintiff provided the improvements to the property of the defendant, who received the benefit of them; (2) that the circumstances were such that the plaintiff reasonably expected to be paid the value of the improvements by the defendant; (3) that the defendant was aware the plaintiff was providing such improvements with the expectation of being paid and accepted the improvements; and (4) the reasonable value of the improvements received by the defendant. *Derrick v. Derrick*, 2015 Ark. App. 696, 477 S.W.3d 577.

The circuit court did not err in finding that the Spanns reasonably expected to be paid for the value of the house. The circuit court found that the Spanns provided the funds to pay for the improvements on the property, which effectively satisfies the first element of

unjust enrichment.   Both parties agree that the money originated from the Spanns, though Trickett argues that the Spanns made gifts to his wife and him. Sally Spann testified they were not intended to be gifts.

Arkansas law is clear that in order for an inter vivos gift to transpire, it must be proved by clear and convincing evidence that (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift. *See Phipps v. Wilson*, 251 Ark. 377, 472 S.W.2d 929 (1971).

Here, all the parties knew the money was going to be used for the construction of the new home. On June 3, 2008, Trickett took the first $48,000 from the Spanns and then deposited the money on the same day into an account with the parties' names on it to fund the construction of the home. The circuit court found that the money was not a gift to Trickett or his wife. On the basis of the record before us, we cannot say the circuit court erred in that finding.

The circuit court also found that the Spanns met the second element of unjust enrichment since they reasonably expected to be paid for the improvements. The Spanns have four children, including Marvilla. The Spanns wanted to divide their estate equally among their children, and Trickett understood that. Their entire estate was used to pay for the construction of the new home in Charleston. The Spanns argued that since they wanted their entire estate to be divided equally among their four children, they would not "have given all their money (estate) to Trickett and their one daughter"; the circuit court agreed.

5

On January 24, 2008, Trickett sent Sally Spann an email setting out two ways the Spanns could finance building the house on Tricketts' property. He outlined his thoughts concerning one of the options (for the Spanns to use the maximum federal gift limit): "While I don't want to get too much into your mind set as to your dispensation of your assets, this would obviously mean that Marvilla and I would be ahead of your other 3 children when the time came to settle your estates. I don't know how much you have or what you plan to do with it–and I'm certainly not asking now–but it would not strike me as fair that if you planned to divide things equally among your children that Marvilla and I should certainly have a deduction from her 1/4 since we will obviously have a very tangible asset that the others don't." At the end of Trickett's email, he wrote: "As far as I'm concerned we can go with only the first step, which would leave the loan in your estate, or both."

It is reasonable to conclude that the Spanns expected to be paid for the house that was built on the Tricketts' property. We hold that the circuit court correctly found that Trickett was aware the Spanns were providing such improvements with the expectation of being paid and accepted the improvements, which satisfy the second and third elements of unjust enrichment.

The reasonable value of the improvements received by Trickett was $150,000 as testified to by the Spanns' expert, Donald Burris. The circuit court found that Burris's testimony satisfied the fourth and final element of unjust enrichment. Trickett did not present any evidence to dispute the expert's opinion. In appraising the house for its contributory value of the property as a whole, Burris looked at the market sales then

extracted the value of the site which is known as the sales comparison approach. Three comparables were used, making adjustments for variations such as age, size, and additional accommodations, to determine a contributory value of $150,000. Burris believed the reasonable value of the guest house to be $150,000 in relation to the value of the property as a whole. The Spanns contend that considering these facts, the circuit court was not clearly erroneous in finding that the fourth element of their unjust-enrichment claim had been met. We agree.

The court found that the Spanns met their burden of proving all four elements of unjust enrichment. Trickett did not present any evidence in his counterclaim alleging a cloud on the title, and the circuit court denied the relief he requested.

As we have noted, in order to find unjust enrichment, a party must have received something of value to which he or she is not entitled and which he or she must restore. *Hatchell v. Wren*, 363 Ark. 107, 211 S.W.3d 516 (2005); *Rigsby v. Rigsby*, 356 Ark. 311, 149 S.W.3d 318 (2004). In general, recovery for unjust enrichment is based upon what the person enriched has received rather than what the opposing party has lost. *Sanders v. Bradley Cty. Human Servs. Pub. Facilities Bd.*, 330 Ark. 675, 956 S.W.2d 187 (1997).

A tortious or fraudulent act is not required to create a basis for an unjust-enrichment claim. *Frigillana v. Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979). Unjust enrichment does not require the commission of a wrongful act by the enriched party. Even an innocent defendant is subject to an unjust-enrichment claim brought by a more deserving party. *Malone v. Hines*, 36 Ark. App. 254, 822 S.W.2d 394 (1992).

Here, the Spanns' testimony established that while building the house on the Tricketts' property, they did not intend to give the home to the Tricketts. Further, the testimony and exhibits support the conclusion that following their daughter's death and their move from the house, Trickett had been unjustly enriched by the property's assessed value of $150,000.

Given our standard of review, we cannot say that the circuit court clearly erred in finding that the Spanns had proved the elements of unjust enrichment; accordingly, we affirm.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Victor L. Crowell* and *Laura J. Pearn*, for appellant.

*Gean, Gean & Gean*, by: *David Charles Gean*, for appellees.