Cite as 2021 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-660

| | | |
|---|---|---|
| BOB ROBBINS | | **Opinion Delivered** November 10, 2021 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CV-20-83] |
| JUDY LEMAY | | HONORABLE BLAKE BATSON, |
| | APPELLEE | JUDGE |
| | | REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellant Bob Robbins appeals the dismissal of the lawsuit that he filed against his daughter, appellee Judy Lemay. We reverse and remand.

Robbins is in his eighties, and Lemay is in her fifties. Robbins added Lemay's name to two of his bank accounts so that Lemay could assist him if, in the future, he needed assistance with bills and expenses. One account contained approximately $64,000 of his retirement savings. In June 2020, Lemay made three sizable withdrawals from that account totaling $60,000, and she withdrew approximately $2,000 from the other account and closed it. Robbins alleged that Lemay wrongfully took his money without his knowledge or consent, that she stated her intent to retain exclusive and permanent control over it, that she would not tell him where the funds were, and that her actions left him without funds to support his household bills and necessities. Robbins acknowledged that Lemay had full

authority to withdraw money from the accounts, but he asserted that Lemay was supposed to assist him with his needs, not take his money and deprive him of it.

In July 2020, Robbins filed a "Petition in Equity for Relief from Conversion, Overreach, and/or Unjust Enrichment" and an affidavit to support his allegations. The circuit court entered an ex parte order requiring Lemay to place those bank-accounts funds into the registry of the court and account for the funds taken.[1]

Lemay filed a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6) contending that Robbins failed to state a claim for which relief could be granted. Lemay asserted that, regardless of her father's consent, she was a joint owner of the bank accounts and had rightful access to any and all the funds, so Robbins had no legal or equitable basis for his petition, which entitled her to judgment as a matter of law.[2] Lemay also requested that the circuit court set aside its ex parte order.

In his response, Robbins agreed that he had no legal basis to sue his daughter because she had authority to withdraw money from the accounts. Robbins contended instead that he had an equitable claim to the funds she had wrongfully taken and kept from him, some of which Lemay had placed in a certificate of deposit in her own name. Robbins asked the

---

[1]An accounting is an equitable remedy designed to provide a means for compelling one who, because of a confidential or trust relationship, has been entrusted with property of another to render an account of his actions and for the recovery of any balance found to be due. *Thomason Invs., LLC v. Huddleston*, 2020 Ark. App. 500, 613 S.W.3d 729. The function of a court in an accounting is rather that of an auditor clothed with judicial power or that of a master stating an account. *Id.*

[2]Lemay filed a counterclaim against Robbins to recover two items (a tractor and a mower) from him. Lemay's counterclaim was ultimately dismissed by the circuit court and is not relevant to this appeal.

court to hold Lemay in contempt of the ex parte order. The circuit court conducted a hearing in August 2020 and granted the motion to dismiss. This appeal followed.

When an appellant claims the circuit court erred in granting a motion to dismiss, the appellate court reviews the circuit court's ruling de novo. *Lucas v. Washington Cty.*, 2020 Ark. App. 540, 614 S.W.3d 840. In reviewing a dismissal order under Rule 12(b)(6), we look to the four corners of the complaint, treat the facts alleged in the complaint as true, liberally construe the facts in the plaintiff's favor, and view them in the light most favorable to the plaintiff. *Panhandle Oil & Gas, Inc. v. BHP Billiton Petroleum (Fayetteville), LLC*, 2017 Ark. App. 201, 520 S.W.3d 277. In deciding dismissal motions, the circuit court must look only to the allegations in the complaint, and the complaint must allege facts and not mere conclusions. *Id*. Arkansas is a fact-pleading state, and this court looks to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Perry v. Baptist Health*, 358 Ark. 238, 189 S.W.3d 54 (2004).

The questions we review in this case are whether Robbins pleaded sufficient facts to support a cause of action for either conversion or unjust enrichment. Looking to the petition, taking those facts as true, and viewing the petition liberally in Robbins' favor, the petition states a cause of action for conversion or unjust enrichment.

Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *Hartness v. Nuckles*, 2015 Ark. 444, 475 S.W.3d 558. To establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights. *Id*. If the defendant exercises control over the goods

3

in exclusion or defiance of the owner's rights, it is a conversion, whether it is for defendant's own use or another's use. *Id.*

To find unjust enrichment, a party must have received something of value to which he or she is not entitled and which he or she must restore. *Trickett v. Spann*, 2020 Ark. App. 552, 613 S.W.3d 773. In general, recovery for unjust enrichment is based on what the person enriched has received rather than what the opposing party has lost. *Id.* A tortious or fraudulent act is not required to create a basis for an unjust-enrichment claim. *Id.* Unjust enrichment does not require the commission of a wrongful act by the enriched party; even an innocent defendant is subject to an unjust-enrichment claim brought by a more deserving party. *Id.* A constructive trust is an implied trust that arises by operation of law when equity demands. *Thomason Invs., LLC v. Huddleston*, 2020 Ark. App. 500, 613 S.W.3d 729. A constructive trust is imposed when a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Id.*

Lemay focused her arguments on the *legal* authority she possessed to remove her father's money from the bank accounts, which Robbins did not dispute. Robbins focused his arguments on the *equitable* principles that would arise to give Robbins a remedy for his daughter's alleged improper retention and control over his money.

The right to withdraw funds is one of the rights enjoyed by a joint tenant of a bank account. *Dent v. Wright*, 322 Ark. 256, 909 S.W.2d 302 (1995). However, a joint tenant may not, by withdrawing funds in a joint tenancy, acquire ownership to the exclusion of the other joint tenant. *Id.* A joint tenant may even withdraw the entire fund, and the funds

4

may be paid without liability to the financial institution to any one of the joint tenants. *Id.* However, withdrawal of funds does not determine the ownership of the funds to the exclusion of the joint tenants. *Id.* A joint tenant who withdraws funds in excess of his moiety is liable to the joint tenant for the excess so withdrawn. *Id.* A court may impose a constructive trust and apportion the proceeds in accordance with intentions of the parties. *Id.*; *see also Hogan v. Hogan*, 313 Ark. 374, 855 S.W.2d 905 (1993); *Tarkington v. Riddle*, 2011 Ark. App. 161; *Savage v. McCain*, 21 Ark. App. 50, 728 S.W.2d 203 (1987).

Courts must look to the substance of a pleading, and it will be interpreted according to its substance rather than its form. *Muntaqim v. Payne*, 2021 Ark. 162, 628 S.W.3d 629. We must view the factual allegations in the petition as true and in the most favorable light to Robbins. Here, Robbins sought equitable relief for his daughter's conversion of his money or her unjust enrichment by her taking and keeping his money. These alleged facts are sufficiently pled to survive a motion to dismiss under Ark. R. Civ. P. 12(b). *See Herring v. Ramsey*, 2021 Ark. App. 249, 626 S.W.3d 116 (explaining equitable remedy of constructive trust to address unjust enrichment). The circuit court erred in dismissing Robbins's petition.

Reversed and remanded.

ABRAMSON and GLADWIN, JJ., agree.

*Bob Sanders*, for appellant.

*Turner & Turner, PA*, by: *Todd Turner*, for appellee.